Corey D. Riley (16935)
Deiss Law PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
(801) 433-0226
criley@deisslaw.com

Nicholas A. Lutz (51299 - Colorado)
(appearing *pro hac vice*)
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
nl@rmlawyers.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr., TASHA SMITH, as heir of Patrick Harmon Sr., <br><br>Plaintiffs, <br><br>v. <br><br>SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br>Defendants. | OPPOSITION TO MOTION TO RECONSIDER ORDER OF REMAND <br><br>Case No. 19-cv-00553-HCN-CMR <br><br>Judge Howard C. Nielson, Jr. <br><br>Magistrate Judge Cecilia M. Romero |

Plaintiffs Estate of Patrick Harmon Sr., Patrick Harmon II, and Tasha Smith (Plaintiffs) hereby oppose defendants Salt Lake City and Clinton Fox's (the City) Motion to Reconsider Order of Remand [Dkt. No. 51].

## Introduction

The City asks the Court to claw back state claims that were properly remanded to state court nearly a year-and-a-half ago. In so doing, it seeks to divest the state court of jurisdiction—arguing that it's inefficient to have parallel state and federal tracks.

Plaintiffs object because the City's request is untimely. The City did not object to the remand, nor did it raise the issue with the Tenth Circuit on appeal, options that were clearly available, among others. At this point, though, the parties have engaged in substantial motions practice in state court on important issues of state law and discovery has commenced. Remand orders should not be unwound after substantial litigation in the state court.

Even if the Court concludes it has the power to bring the state claims back, it should decline. Applying the principles of comity and federalism embodied in section 1367(c), the state claims involve fundamental state policy protected by multiple provisions of the Utah constitution. The importance of advancing these state legal questions in state court outweighs the benefit of convenience gained from unifying the federal claims. The state court has consented to coordinated discovery, minimizing redundancies. In total, the relevant factors weigh against reconsidering the Remand Order.

The Court should deny the City's motion.

## Procedural Background

1. This case was initiated by a civil complaint filed in the Third Judicial District for the State of Utah, case no. 190905238 (State Court). *See* State Docket at 1, *attached at* Ex. 1.

2. The Complaint brought causes of action for (1) excessive force in violation of the Fourth Amendment of the United States Constitution, (2) deliberately indifferent policing policies in violation of the Fourth and Fourteenth Amendments of the United States Constitution, (3) violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, (4) wrongful death pursuant to Utah Code § 78B-3-106, and (5) unnecessary rigor in violation of Article 1, Section 9 of the Utah Constitution. Dkt. No. 2-1.

3. Claims 1 through 3 were brought under federal law (Federal Claims), and 4 and 5 were brought under state law (State Claims). Dkt. No. 2-1.

4. The City removed the case to this Court on federal question grounds pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No 2.

5. The City responded to the Complaint with a rule 12(b)(6) motion to dismiss, among other things, on qualified immunity grounds. Dkt. No. 12.

6. After briefing and argument, the Court granted the motion and dismissed with prejudice claims 1 and 2, dismissed without prejudice claim 3, and declined to exercise supplemental jurisdiction over the State Claims. The Court allowed Plaintiffs' 30 days to amend their complaint. Dkt. No. 29.

7. Plaintiffs moved to remand the State Claims to State Court. Dkt. No. 30.

8. The City informed the Court that it would not oppose Plaintiffs' motion to Remand. *See* Mull Email, *attached at* Ex. 2.

9. The Court remanded the State Claims to State Court (Remand Order). Dkt. No. 34.

10. The Court mailed a copy of the Remand Order to the State Court. Dkt. No. 39.

11. Defendants filed a motion to stay in State Court. First Motion to Stay, *attached at* Ex. 3.

12. Plaintiffs appealed the Court's dismissal of claims 1 and 2 to the Tenth Circuit. Dkt. No. 31.

13. In a written ruling, after briefing and argument, the State Court denied the City's First Motion to Stay. *See* Order Denying First Motion to Stay, *attached at* Ex. 4.

14. The City filed a motion to dismiss in State Court. Second Motion to Dismiss, *attached at* Ex. 5.

15. After briefing and argument, the State Court denied the City's motion to dismiss. Order Denying Second Motion to Dismiss, *attached at* Ex. 6.

16. The City filed their answer to the State Claims. Answer, *attached at* Ex. 7.

17. Plaintiffs and the City have exchanged initial disclosures.

18. The Tenth Circuit reversed this Court's dismissal of claims 1 and 2. *Est. of Harmon v. Salt Lake City,* No. 20-4085, 2021 WL 5232248, at *5 (10th Cir. Nov. 10, 2021) (unpublished).

19. The City did not seek removal of the State Claims after the Federal Claims were reinstated.

20. The City filed a motion to stay in State Court. Second Motion to Stay, *attached at* Ex. 8.

21. The State Court denied the Second Motion to Stay. In its ruling, the State Court ordered, among other things, that discovery will run concurrent with this case, that "any issues that involve facts or procedure that are unique to the state court claims" be file in State Court, and the State Court "urge[d] the parties to explore any and all mechanisms that would reunify all (federal and state) claims in the federal court proceeding to avoid parallel litigation and multiple trials." State Docket at 10.

22. On the same day the State Court denied the Second Motion to Stay, the City filed its Motion to Reconsider Order of Remand. Dkt. No. 51.

23. Plaintiffs hereby oppose reconsideration of the Remand Order.

## Legal Standard for a Motion to Reconsider

The Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'" *Warren v. Am. Bankers Ins. of FL, 507 F.3d 1239, 1243 (10th Cir. 2007)*.

Of course, "a district court always has the inherent power to reconsider its interlocutory rulings," and should do so "where error is apparent." *Id.*

Under this standard, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## Argument

1. **Federal courts do not have discretion to reconsider section 1367(c)(3) remand orders after the state court exercises jurisdiction over the state claims and resolves important questions of state law.**

The City asks the Court to divest state claims that were properly remanded to the State Court from whence they came. It did not object to the remand, it didn't appeal, it didn't move to stay the remand pending appeal, and it didn't remove from state court after the Federal Claims were reinstated. These were potential mechanisms to retain or reinstate the Court's jurisdiction over the State Claims. A motion to reconsider the Remand Order is not, at least not this far into the state court litigation.

*The Remand Order.* This Court properly remanded the State Claims to State Court. Dkt. No. 34. The City doesn't dispute that. Dkt. No. 51. Instead, it asks the Court to reconsider the Remand Order now that the Federal Claims have been reinstated on appeal. *Id.* It argues that it would be inefficient to maintain parallel state and federal tracks. *Id.* at 4. But the City doesn't provide authority to support that position, much less in this context, where the Remand Order was issued more than a year ago. *Id.* On that point, the motion should be denied because the City fails to supply authority for its request to divest the State Court of jurisdiction over State Claims.

Plaintiffs' motion for remand describes the type of remand order presented here. *See* Dkt. No. 30. In response to the Court's order dismissing the State Claims without prejudice and declining to exercise supplemental jurisdiction over them, Plaintiffs moved for remand under the Court's inherent powers embodied in 28 U.S.C. § 1367(c) and explained by the Supreme Court in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). *See* Dkt. No. 30 at 4–5. The City did not oppose remand, and the Court granted the motion. *See* Dkt. No. 34. Judgment was entered, Dkt. 35, and the case was closed after the clerk sent the Remand Order to the State Court, Dkt. 39.

The City could have filed a notice of appeal on the Remand Order, given the possibility that the Tenth Circuit would reinstate the Federal Claims. Section 1367(c)(3) remand orders, like the one here, are subject to appellate review. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009); *see also Koch v. City of Del City*, 660 F.3d 1228, 1236 (10th Cir. 2011). But the rules of procedure place clear time limits on a party's ability to seek such review. Fed. R. App. P. 4. The City declined to raise this issue on appeal, and the parties pressed forward in State Court on remand.

*Time to reconsider Remand Order.* District courts do not have unlimited discretion to reconsider section 1367(c)(3) remand orders, as the City suggests. *See* Dkt. No. 51 at 3. After the state court makes important merits-based rulings, review of the remand is no longer available, if not before.

Defendants provide one case to justify their position that the "court can and should reconsider its order of remand[.]" Dkt. No. 51 at 3 (quoting *Baca v. Sklar*, 398 F.3d 1210, 1222 n.4 (10th Cir. 2005)). The footnote in *Baca* is nonbinding

7

dicta, with little to no purchase. *See Baca,* 398 F.3d at 1222 n.4. It's an invitation to the parties—nothing more.

So, when is the point of no return? The possibilities could include:

- The remand order (no review).
- When the district court enters final judgment.
- When the time to file a notice of appeal expires.
- When the clerk of the court mails a certified copy of the remand order to the state court.
- When the state court accepts jurisdiction and holds hearings.
- When the state court rules on a merits-based decision.
- When the defendant answers the complaint in state court.
- When discovery begins.

The remand order itself is a significant event. "When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 714 (1996). The remand order denies the parties access to the federal forum, placing them "effectively out of the court." *Id.* The effect is "precisely to surrender jurisdiction of a federal suit to state court[.]" *Id.*

Some courts have determined that certain remand orders aren't subject to review or reconsideration after the time to file a notice of appeal has expired. In the bankruptcy context, for example, courts have held that "remand is complete upon entry of the Court's order, a judicial function, rather than upon the completion of the ministerial functions of certification and mailing." *In re*

8

*Cunningham*, 600 B.R. 898, 905 (Bankr. N.D. Ga. 2019). "The failure to file a timely notice of appeal in a bankruptcy case deprives both the district court and [court of appeals] of jurisdiction." *Matter of Dorsey*, 870 F.3d 359, 362 (5th Cir. 2017).

Alternatively, in some circumstances, reviewability ceases when the clerk of the court sends the remand order to state court. Indeed, courts have held that the federal court formally transfers jurisdiction by mailing a certified copy of the remand order to state court. *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013). According to those courts, that's where Congress has drawn the jurisdictional line on the district court's discretion to reconsider remand orders grounded in 28 U.S.C. 1447(c). *Id.*

Finally, this remanded state court action has advanced too far for reconsideration. *See New Mexico Ctr. on L. & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1244 (D.N.M. 2014) ("the state court proceedings are to be interfered with once, at most."). The City represents that the "state court case has not advanced at all." That isn't correct—it has progressed in important ways. For example, the State Court denied the City's motion to dismiss Plaintiffs' unnecessary rigor claim. Moreover, the parties are passed the pleading stage and have exchanged initial disclosures. Any reconsideration of the remand should have been resolved before the State Court made important decisions on the merits, if not long before.

In sum, there are limits on the district court's discretion to review remand orders, and the weight of authority manifests against the indefinite rule suggested by the City.

2. **Even if the Court can reconsider the Remand Order, it shouldn't because the State Claims involve important questions of state law, and the Court should let the state courts resolve them.**

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c).

The State Claims include novel and complex issues of state law. Among them is the meaning of the Unnecessary Rigor Clause expressed in article I, section 9 of the Utah Constitution. "Although the first sentence of article I, section 9 closely approximates the language of the Eighth Amendment to the United States Constitution, the unnecessary rigor provision has no federal counterpart." Dexter v. Bosko, 2008 UT 29, ¶ 7. "The prohibition against unnecessary rigor clearly includes intentional physical abuse of persons under arrest or imprisoned." Id. ¶ 16. "The relative rarity of unnecessary rigor clauses results in a dearth of unnecessary rigor jurisprudence in other jurisdictions, and [Utah Courts] have had few opportunities to interpret or apply the unnecessary rigor clause of the Utah Constitution." Id.

Similarly, Plaintiffs' wrongful death claim involves article XVI, section 5 of the Utah Constitution. There is no reasonable dispute about the existence of novel state and complex issues of state law in the State Claims, and their presence weighs against reconsideration of the Remand Order.

Given the State Court's consent to coordinated discovery, the City's concerns about costs are exaggerated. The principles of the justice system are served by allowing the State Claims to proceed in State Court where they were filed

originally, and where they returned on remand. The costs are slight in comparison.

## Conclusion

The City seeks extraordinary relief. It asks the Court to divest a State Court (it's undisputed jurisdiction is proper) of jurisdiction over State Claims (it's undisputed they involve novel issues of state law). The request is untimely and the Court should not exercise supplemental jurisdiction even if it had discretion to do so. Plaintiffs respectfully request the Court deny the motion to reconsider.

DATED: February 4, 2022

/s/ *Corey D. Riley*
Corey D. Riley (16935)
Deiss Law PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
(801) 433-0226
criley@deisslaw.com

Nicholas A. Lutz (51299 - Colorado)
(appearing *pro hac vice*)
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
nl@rmlawyers.com