Katherine R. Nichols (#16711)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
Telephone: (801) 535-7788
Facsimile: (801) 535-7640
katherine.nichols@slcgov.com

*Attorneys for Defendants Salt Lake City and Officer Clinton Fox*

**IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr., TASHA SMITH, as heir of Patrick Harmon, Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br> Defendants. | Case No. 2:19-cv-00553-HCN-CMR <br><br> **REPLY TO MOTION TO RECONSIDER ORDER OF REMAND** <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

Defendants Salt Lake City and Officer Clinton Fox respectfully submit this Reply Memorandum in support of their *Motion to Reconsider Order of Remand*, (ECF No. 51).

## INTRODUCTION

Defendants request the Court vacate its order remanding Plaintiffs' state claims to state court. Remand made sense when the order was entered, because this Court had dismissed all of Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over the state claims.

Now, however, the Tenth Circuit has reversed judgment and revived Plaintiffs' federal claims. As it stands, the exact same facts and nearly identical legal issues are set to proceed in two different courts, before two different judges, and—ultimately—requiring two different juries.

Such procedure does not serve the interests of justice or of efficiency. It does not benefit the parties, the courts, or the public to litigate the same issues in tandem. It can only result in needlessly wasteful duplication for all involved. In fact, the state court recently entered an order

> urg[ing] the parties to explore any and all mechanisms that would reunify all (federal and state) claims in the federal court proceeding to avoid parallel litigation and multiple trials.[1]

Indeed, this dual proceeding is beneficial to only one stakeholder—Plaintiffs. If allowed to proceed in this way, Plaintiffs will get two bites at the apple, including potentially two jury trials with the possibility of two different outcomes. Not only would that result be unnecessarily wasteful, it would undermine confidence in the judicial system.

Tenth Circuit precedent makes clear this Court can reconsider its order of remand. And, for the reasons stated in the Motion and discussed below, it should do so here.

I.  **THE REQUEST IS TIMELY AND THE COURT HAS AUTHORITY TO RECONSIDER ITS ORDER OF REMAND.**

Plaintiffs contend that the time for Defendants to request reconsideration of remand has passed because Defendants did not appeal the remand order.[2] (Opp'n at 7.) Plaintiffs miscomprehend the effect of the Tenth Circuit's decision. The Tenth Circuit reversed the district

---

[1] Minutes of Telephonic Status Conf., Jan. 10, 2022, attached as <u>Exhibit 1</u>.

[2] Plaintiffs agree the remand order is not barred from reconsideration by the removal statute. (Opp'n at 7 (acknowledging "[28 U.S.C.] Section 1367(c)(3) remand orders, like the one here, are subject to appellate review").) *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009) (holding "[w]hen a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of [28 U.S.C.] §§ 1447(c) and (d)" and is thus reviewable).

court's order granting dismissal, thereby vacating its final judgment. The United States Supreme Court has made clear that "[o]n remand, the [lower court] may consider and decide any matters left open by the mandate of this court." *Quern v. Jordan*, 440 U.S. 332, 348 n.18 (1979) (citation omitted). In other words, "[i]n addressing a remand, the court is barred from addressing its prior rulings only if they have 'been adopted, explicitly or implicitly, by the appellate court's judgment.'" *Rocky Mtn. Helium, LLC v. United States*, 145 Fed. Cl. 662, 665 (2019) (quoting *Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991)). Here, the Tenth Circuit's mandate did not preclude reconsideration of supplemental jurisdiction over the state claims. To the contrary, in reversing dismissal of the federal claims, the Tenth Circuit vacated the district court's basis to decline supplemental jurisdiction.

Because there is no final judgment in the case before this Court, the remand order is an interlocutory order that "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders," *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (citation omitted), and "[t]here are no time constraints preventing the court from reconsidering its order," *Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC, 2021 WL 4332775, at *1 (D. Utah Sept. 23, 2021). Moreover, "[t]he Tenth Circuit has indicated that the decision whether to reconsider an interlocutory ruling of this sort is committed to the discretion of the district court." *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-00754-HCN, 2019 WL 8137358, at *1 (D. Utah July 25, 2019). There is thus no time-bar that prohibits the Court from reconsidering its remand order.

Here, the Court should exercise its discretion to reconsider the remand order given the changed circumstances. In ruling on the motion to dismiss, the Court expressly declined to exercise supplemental jurisdiction over the state claims *because* it dismissed the federal claims. (Mem. Dec. & Or. at 29, ECF No. 29.) Now that the Tenth Circuit has reversed dismissal of the federal claims, the basis underpinning the supplemental jurisdiction ruling and the remand order has been vacated. That is the same circumstance that occurred in *Baca v. Sklar*, 398 F.3d 1210, 1222, n.4 (10th Cir. 2005). There, the district court granted "summary judgment to the defendants on all of [plaintiff's] federal law claims" and therefore "remanded the remaining state law claims to state court." *Id.* at n.4. The Tenth Circuit then reversed and remanded a federal claim back to the district court and instructed the district court to "reconsider its decision to decline supplemental jurisdiction over [plaintiff's] state law claims." *Id.* The Tenth Circuit thus recognized not only that the district court *could* reconsider its decision to remand the state claims, but that the district court *should* reconsider that decision in those circumstances.

The Tenth Circuit has since reaffirmed this position:

> It is true that when we reverse a district court's dismissal of a federal law claim, we often also direct the district court to reconsider whether to exercise supplemental jurisdiction over any state law claims it dismissed along with the federal claim.

*Est. of Smart v. City of Wichita*, 951 F.3d 1161, 1177 (10th Cir. 2020) (citing *Baca*, 398 F.3d at 1222 n.4). In *Smart*, as here, the Tenth Circuit did not address the issue of supplemental jurisdiction itself but recognized the parties "are free to request reconsideration (to the extent the rules permit) in subsequent proceedings before the district court." *Id.* That is precisely what Defendants have done here. *See also, Macias v. Sw. Cheese Co., LLC*, 624 F. App'x 628, 640 (10th Cir. 2015) (reviving federal claim and vacating "that portion of the district court's

4

judgment declining supplemental jurisdiction and remanding the state-law claims to state court"); *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 597–98 (10th Cir. 1999) ("The plaintiffs' state constitutional and common law claims that were dismissed without prejudice for failure of supplemental jurisdiction should be REINSTATED.").

Plaintiffs also raise a number of additional roadblocks to this Court reconsidering its order of remand. Each argument fails. First, Plaintiffs contend that "[a]fter the state court makes important merits-based rulings, review of the remand is no longer available, if not before." (Opp'n at 7.) There is no support for Plaintiffs' purported bright-line rule. As an initial matter, the state court has done very little of substance in the state case, as evidenced by the docket and the state judge's request that the federal court unify the claims. For example, the majority of briefing and arguments have addressed the impact of the federal appeal on the state claims and how to coordinate the two cases. (*See also infra* Part II.) More to the point, however, federal courts frequently exercise jurisdiction over claims even when a state court has already made substantive rulings; the federal court simply picks up where the state court left off. *See, e.g., Travelers Cas. & Sur. Co. v. Unistar Fin. Serv. Corp.,* 35 F. App'x 787, 788 (10th Cir. 2002) (unpublished) (expressing no concern that federal district court handled removed case even after state court had ruled on dispositive motion).

Second, Plaintiffs assert the Court lacks authority to reconsider its order of remand. But in *Bacas* and subsequent cases, the Tenth Circuit made clear that a district court could reconsider a decision to remand, including in the exact circumstances here where the district court declined supplemental jurisdiction after dismissing federal claims. Additionally, in fact, the United States Supreme Court case Plaintiffs relied upon confirms this very point. (*See* Opp'n at 8 (quoting

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996))). In *Quackenbush*, a federal district court remanded a case to state court based on an abstention doctrine. 517 U.S. at 710. The Ninth Circuit then reversed the remand order, holding remand was inappropriate in the circumstances, and the Supreme Court affirmed on other grounds. *Id.* at 710–11. The Supreme Court thus recognized a federal court can reconsider an issue of remand even after the remand has occurred. *Id.*; *see also, Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428 (4th Cir. 2004) (vacating district court's order remanding state claim to state court).

## II. NEITHER CASE HAS PROGRESSED AND THE STATE COURT IMPLORED THE PARTIES TO UNIFY THE CLAIMS IN FEDERAL COURT.

Plaintiffs also argue the Court cannot or should not[3] reconsider remand because the "state court action has advanced too far for reconsideration." (Opp'n at 9.) Review of the state court docket shows that is not the case. Despite alleging the state court made "important merits-based rulings," Plaintiffs point to only two occurrences: (1) the parties' initial disclosures; and (2) the state court's denial of a motion to dismiss Plaintiffs' unnecessary rigor claim. (*Id.*) As to the first, initial disclosures are not "merits-based rulings"—they are not rulings at all but simply the very first step in the discovery process.[4] Plaintiffs cannot dispute that no discovery has been taken in either case, despite Plaintiffs having been able to take discovery for the past six months.

---

[3] It is unclear if Plaintiffs contend the Court *cannot* reconsider remand or if it should merely decline to do so in its discretion. *Compare* Opp'n at 7 (asserting, without authority, "review of the remand *is no longer available*" after the state court makes "important merits-based rulings" (emphasis added)), *with id.* at 9 (indicating there are instead "limits on the district court's discretion to review remand orders"). Regardless, the authority cited above demonstrates the Court has authority to consider remand, and the decision whether to do so lies within its discretion.

[4] In fact, Plaintiffs seem to agree that the initial disclosures the parties exchanged in the state case apply equally to the federal case, because the parties have not exchanged separate Rule 26 disclosures but nonetheless represented to this Court that "[t]he parties have exchanged the initial disclosures required by Rule 26(a)(1)." (Att'y Planning Mtg. Rep. at 2, ECF No. 48.)

As to the second, the state court's ruling on one issue of a single claim on a motion to dismiss does not foreclose this Court from unifying the state and federal claims. That ruling will be binding over the federal case as an interlocutory order, unless and until this Court determines there is a basis to revisit the issue. That is no different than any other case. Defendants are aware of no case—and Plaintiffs have cited none—holding that a federal court cannot exercise jurisdiction over state claims simply because a state court made a prior ruling. *See, e.g.*, *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011) (holding judge can reconsider interlocutory order issued by prior judge); *Harlow v. Children's Hosp.*, 432 F.3d 50, 56 (1st Cir. 2005) (reconsidering state court's ruling on personal jurisdiction made prior to removal because "federalism does not require more deferential treatment of a state-court interlocutory order in a case removed to federal court than it would have required had the order originated in federal court"); *see also* 28 U.S.C. § 1450 (in removed cases, providing that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

Instead, the question for the Court is one of discretion—whether it serves the interests of justice and economy. Indeed, Plaintiffs' own cited case demonstrates this. Plaintiffs cited *New Mexico Center on Law & Poverty v. Squier* for the proposition that "the state court proceedings are to be interfered with once, at most." 131 F. Supp. 3d 1241, 1244 (D.N.M. 2014). While that may generally be good policy, it is not a binding rule, as the cases cited above clearly show. And crucially, the very next line explains the true heart of the issue: "This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity." *Id.* In other words, Plaintiffs' own case explains the reasons to avoid overturning

remand are judicial economy, respect for the state court, and comity. But in this case, each one of those principles compels the opposite result. This is particularly true where the state court judge himself has *urged* the parties to reunify the claims in this Court. In short, there is no basis to deny unifying the claims where the state case has not progressed at all.

### III. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION.

Plaintiffs do not dispute that the federal and state claims meet the standard for supplemental jurisdiction because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Instead, they rely on subsection 1367(c)(1), asserting their cause of action for unnecessary rigor "raises a novel or complex issue of State law." (Opp'n at 10.) That is not the case. Plaintiffs do not suggest that their unnecessary rigor cause of action is anything more than a garden-variety claim. The Utah federal district court has had little trouble addressing claims under the Unnecessary Rigor Clause in prior cases. *See, e.g.*, *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018); *Brown v. Larsen*, 653 F. App'x 577, 578 (10th Cir. 2016); *Porter et al. v. Daggett County, Utah*, No. 2:18-CV-00389-DBB, 2022 WL 558295, at *14 (D. Utah Feb. 24, 2022); *Scott v. Angerhofer*, No. 2:20-CV-14-DAK, 2021 WL 6125836, at *3 (D. Utah Dec. 27, 2021); *McDonald v. Davis Cty.*, No. 1:20-CV-00136-JNP, 2021 WL 2940604, at *8 (D. Utah July 13, 2021); *Rodriguez v. Cache Cty. Corp.*, No. 1:18-CV-00115-DAK, 2021 WL 1791963, at *10 (D. Utah May 4, 2021); *Asay v. Daggett Cty.*, No. 2:18-CV-00422-DAK, 2019 WL 181358, at *6 (D. Utah Jan. 11, 2019); *Crane v. Utah Dep't of Corr.*, No. 2:16-CV-01103-DN, 2017 WL 4326490, at *3 (D. Utah Sept. 28, 2017). There is no reason to believe the Court cannot—as it has repeatedly done before—apply the governing legal standards to the facts of this case.

Furthermore, Plaintiffs' argument is undercut by the exhortation by the state court judge himself to have the federal district court decide the state claims.

## CONCLUSION

This Court can and should exercise its discretion to reconsider the order of remand now that the Tenth Circuit has revived the federal claims. Plaintiffs have provided no reason why their claims should proceed in two different venues and, ultimately, before two different juries. Exercising supplemental jurisdiction over the state claims serves the interests of justice in resulting a single, final outcome, and promotes economy for the federal court, the state court, the parties, and the public.

DATED: March 2, 2022.  SALT LAKE CITY CORPORATION


*/s/ Katherine R. Nichols*
KATHERINE R. NICHOLS

*Attorney for Defendants Salt Lake City and Officer Clinton Fox*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, which sent notice to:

Andrew G. Deiss
Corey D. Riley
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, UT 84101
adeiss@deisslaw.com
criley@deisslaw.com

Qusair Mohamedbhai
Nicholas A. Lutz
RATHOD MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
qm@rmlawyers.com
nl@rmlawyers.com

*Attorneys for Plaintiffs*

/s/ Heidi Medrano