Andrew G. Deiss (7184)
Corey D. Riley (16935)
Deiss Law PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
(801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

Qusair Mohamedbhai
(admitted *pro hac vice*)
Nicholas A. Lutz
(admitted *pro hac vice*)
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
qm@rmlawyers.com
nl@rmlawyers.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr., TASHA SMITH, as heir of Patrick Harmon Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br> Defendants. | **Response to Defendants' Short-Form Discovery Motion to Stay Discovery Pending Resolution of Summary Judgment Motion** <br><br> Case No. 19-cv-00553-HCN-CMR <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 37-1, Plaintiffs hereby respond and object to Defendants' motion to stay discovery, Dkt. No. 72.

This civil rights case has taken a long, unorthodox path through three courts over three years; including an appeal, multiple motions to dismiss and multiple motions to stay in state and federal courts. Defendants now ask this Court to press pause; this time to stay discovery because they have filed a motion for summary judgment, which may or may not resolve the case. Plaintiffs oppose. The harms of further delay outweigh whatever potential benefits that a stay may or may not provide.

"When considering a motion to stay, the court is mindful that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'"[1] "[I]f even a fair possibility exists that the stay would damage another party, 'the movant' must demonstrate a clear case of hardship or inequity."[2]

Plaintiffs filed this action on July 1, 2019. Ever since, they have endured Defendants' efforts to protract the litigation and avoid facing a jury. Much of the delay is directly related to Defendants' motions practice, including, among others:

---

[1] *Boulder Falcon, Ltd. Liab. Co. v. Brown*, No. 2:22-cv-00042-JNP-JCB, at *4 (D. Utah Apr. 22 2022) (quoting *Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).
[2] *Id.*

- Motion to Dismiss, Dkt. No. 12;
- Motion to Stay, Exhibit A;
- Motion to Dismiss, Exhibit B;
- Motion to Stay, Exhibit C;
- Motion for Summary Judgment, Dkt. No. 66;
- Motion to Stay, Dkt. No. 72.

Defendants present a common theme in their motions to stay: doing multiple things at once is potentially inefficient. But this litigation has gone on too long to avoid multi-tasking. The courts and the parties have invested more than three years of attention to this case. At this stage, everyone involved is best served by completing discovery. Not by placing it on hold because Defendants have filed another motion.

Moreover, it could be another year (at least several months) before the motion is decided. Focusing solely on one motion during that time is not economical. Indeed, if the motion is denied, the stay will have caused needless delay in bringing this case to trial. Such a delay would cause more harm than maintaining the status quo.

Defendants argue that discovery is burdensome. But putting Defendants through standard discovery is fair—not *unduly* burdensome—whether or not they ultimately prevail on summary judgment. Defendants should not evade discovery rules that apply to all civil litigants. Any inconvenience caused by routine discovery practice is slight in comparison to the harms of further delay.

For these reasons, the Court should not indulge Defendants' request to stay discovery. Pursuant to rule DUCivR 37-1, Plaintiffs' proposed form of order denying the motion is submitted herewith.

Dated:  September 16, 2022.

DEISS LAW PC

s/ *Corey D. Riley*
*Attorneys for Plaintiffs*
