Corey D. Riley (16935)
Deiss Law PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
(801) 433-0226
criley@deisslaw.com

Nicholas A. Lutz (51299 - Colorado)
(appearing *pro hac vice*)
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
nl@rmlawyers.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr., TASHA SMITH, as heir of Patrick Harmon Sr., <br><br> Plaintiffs, <br><br> v. <br><br> SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br> Defendants. | **PLAINTIFFS' OBJECTIONS AND RESPONSES TO SALT LAKE CITY CORPORATION'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS** <br><br> Case No. 19-cv-00553-HCN-CMR <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

1

Plaintiffs, by and through counsel, hereby submits their objections and responses to Salt Lake Corporation's First Set of Discovery Requests as follows:

## **Objections and Responses to Requests for Admission**:

Request for Admission No. 1: Admit that Plaintiff Patrick Harmon II is Mr. Harmon's sole "personal representative[] for the benefit of his heirs," as used in Utah Code § 78B-3-106.

Response: Admit.

Request for Admission No. 2: Admit that Plaintiff Patrick Harmon II and Plaintiff Tasha Smith are Mr. Harmon's sole heirs, as used in Utah Code Ann. § 78B-3-106.

Response: Admit.

## **Objections and Responses to Interrogatories**

Interrogatory No. 1: Do you contend that the "Castleview" knife was not in Mr. Harmon's possession at the time he was shot?

Response: Yes.

Interrogatory No. 2: Do you contend that Officer Fox, Officer Robinson, or Officer Smith planted the "Castleview" knife that was recovered near Mr. Harmon's body?

Plaintiffs object to this interrogatory as confusing, vague, and ambiguous, with respect to the term "planted." Plaintiffs object to this interrogatory to the extent it seeks factual admissions properly the subject of a request for admission pursuant to Fed. R. Civ. P. 36. Plaintiffs object to this interrogatory to extent it seeks information outside of Plaintiffs' knowledge, possession, custody, and control. Plaintiffs also object to this interrogatory as unduly burdensome as the information it seeks is more properly within the possession, custody, and/or control of Defendants and is more readily accessible to Defendants. Specifically, neither the Estate of Patrick Harmon Sr., Patrick Harmon II, nor Tasha Smith, were present for the events of August 13, 2017. Plaintiffs did not have the opportunity to observe the relevant events first-hand. The three living witnesses to the relevant events were employees of Defendant Salt Lake City at the time of the events and continue to be represented by counsel for Defendant Salt Lake City. Plaintiffs' similarly object that the video evidence of the shooting death of Patrick Harmon Sr. taken from the then-present officers' body-camera footage speaks for itself. Plaintiffs additionally object to this interrogatory to the extent that it seeks information protected by the work-product doctrine. Namely, the interrogatory improperly seeks the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Subject to and without waiving such objections, Plaintiffs contend that the knife found on the ground did not belong to Patrick Harmon Sr.

3

Plaintiffs contend that Patrick Harmon Sr. was not holding the "Castleview" knife when he was shot and killed. Plaintiffs contend that the "Castleview" hospital knife did not belong to Mr. Harmon at all. And Plaintiffs contend that none of the three officers' present at the scene ever saw a knife in Mr. Harmon's hands or believed him to be armed.

Interrogatory No. 3: Do you contend that the "Castleview" knife was already on the ground in the location where it was recovered before Mr. Harmon was shot?

Plaintiffs object to this interrogatory to the extent it seeks factual admissions properly the subject of a request for admission pursuant to Fed. R. Civ. P. 36. Plaintiffs object to this interrogatory to extent it seeks information outside of Plaintiffs' knowledge, possession, custody, and control. Plaintiffs also object to this interrogatory as unduly burdensome as the information it seeks is more properly within the possession, custody, and/or control of Defendants. Specifically, neither the Estate of Patrick Harmon Sr., Patrick Harmon II, nor Tasha Smith, were present for the events of August 13, 2017. Plaintiffs did not have the opportunity to observe the relevant events first-hand. The three living witnesses to the relevant events were employees of Defendant Salt Lake City at the time of the events and continue to be represented by counsel for Defendant Salt Lake City. Plaintiffs' similarly object that the video evidence of the shooting death of Patrick Harmon Sr. taken from the then-present officers' body-camera footage speaks for itself. Plaintiffs object to this interrogatory to the extent that it seeks information protected by the work-product doctrine. Namely,

the interrogatory improperly seeks the mental impressions of Plaintiffs' counsel.  "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Subject to and without waiving such objections, Plaintiffs contend that the knife purportedly found on the ground did not belong to Patrick Harmon Sr.  Plaintiffs contend that Patrick Harmon Sr. was not holding the "Castleview" knife when he was shot and killed.  Plaintiffs contend that the "Castleview" hospital knife did not belong to Mr. Harmon at all.  And Plaintiffs contend that none of the three officers' present at the scene ever saw a knife in Mr. Harmon's hands or believed him to be armed.

Interrogatory No. 4: If you responded with anything other than an unqualified "no" to Interrogatories 1 through 3, please explain your answer and identify all evidence that supports or contradicts your response.

Plaintiffs object to this interrogatory as overly broad and unduly burdensome in that it essentially requests Plaintiffs present each and every fact on which Plaintiffs base their response to this interrogatory which is improper on its face.  *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998).  Plaintiff also objects to this Interrogatory to the extent that it requests the disclosure of information protected by the attorney work product doctrine or attorney-client privilege.  Plaintiffs also object to this request as premature to the extent that seeks all information and

5

evidence Plaintiffs intend to present at trial. Plaintiffs object to this response in that improperly and prematurely seeks to limit the information and evidence Plaintiffs may present at trial.

*Please see* Plaintiffs' Response to Defendants' Motion for Summary Judgment, [ECF No. 79], 19-cv-00553-HCN-CMR, S*tatement of Additional Dispute Facts* at ¶¶ 1-37, and all materials referred to therein; Plaintiffs' Amended Initial Disclosures,

Interrogatory No. 5: How do you contend the "Castleview" knife ended up in the location near Mr. Harmon's body where it was recovered?

Plaintiffs object to this interrogatory to the extent it seeks factual admissions properly the subject of a request for admission pursuant to Fed. R. Civ. P. 36. Plaintiffs object to this interrogatory to extent it seeks information outside of Plaintiffs' knowledge, possession, custody, and control. Plaintiffs also object to this interrogatory as unduly burdensome as the information it seeks is more properly within the possession, custody, and/or control of Defendants and is more readily accessible to Defendants. Specifically, neither the Estate of Patrick Harmon Sr., Patrick Harmon II, nor Tasha Smith, were present for the events of August 13, 2017. Plaintiffs did not have the opportunity to observe the relevant events first-hand. The three living witnesses to the relevant events were employees of Defendant Salt Lake City at the time of the events and continue to be represented by counsel for Defendant Salt Lake City. Plaintiffs' similarly object that the video evidence of the shooting death of Patrick Harmon Sr. taken from the then-present officers' body-camera footage speaks for itself. Plaintiffs

additionally object to this interrogatory to the extent that it seeks information protected by the work-product doctrine. Namely, the interrogatory improperly seeks the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Subject to and without waiving such objections, Plaintiffs contend that the knife found on the ground did not belong to Patrick Harmon Sr. Plaintiffs contend that Patrick Harmon Sr. was not holding the "Castleview" knife when he was shot and killed. Plaintiffs contend that the "Castleview" hospital knife did not belong to Mr. Harmon at all. And Plaintiffs contend that none of the three officers' present at the scene ever saw a knife in Mr. Harmon's hands or believed him to be armed.

Interrogatory No. 6: Please identify all criminal charges filed against Mr. Harmon within the ten (10) years prior to his death.

Objection: This Interrogatory seeks information that is public information equally available to both sides. Plaintiffs below provide all criminal charges that they are aware of through reasonable investigation and inquiry:

Response:

- *State v. Harmon*, case no. 161402877 (West Jordan District Court, Utah), Dismissed;
- *State v. Harmon*, case no. 161401549 (West Jordan District Court, Utah), Guilty Plea;
- *State v. Harmon*, case no. 161401550 (West Jordan District Court, Utah), Dismissed;
- *State v. Harmon*, case no. 165400072 (West Jordan District Court, Utah), Guilty Plea;
- *State v. Harmon*, case no. 071902560 (Ogden District Court, Utah), Dismissed;
- *Salt Lake City v. Harmon*, case no. 161410529 (Salt Lake City Justice Court, Utah), Guilty Plea;
- *Salt Lake City v. Harmon*, case no. 161402185 (Salt Lake City Justice Court, Utah), Dismissed;
- *Salt Lake City v. Harmon*, case no. 151411709 (Salt Lake City Justice Court, Utah), Guilty Plea;
- *Salt Lake City v. Harmon*, case no. 151501586 (Salt Lake City Justice Court, Utah), Guilty Plea.

Interrogatory No. 7: Please identify and describe all damages you seek in this case.

Response: The claim contains two causes of action: (1) Death of a Person Caused by Wrongful Act; and (2) Unnecessary Rigor.

### 1. **Death of a Person Caused by Wrongful Act**

Damages for the wrongful death claim include an amount that will compensate Plaintiffs for the loss suffered due to Patrick Harmon Sr.'s death. This amount is calculated based on all circumstances existing at the time of Mr. Harmon's death that establish Plaintiffs' loss, including the age, health and life expectancies of Mr. Harmon and Plaintiffs immediately prior to the death. This includes, without limitation: non-economic damages for the loss of such things as love, companionship, society, comfort, pleasure, advice, care, protection and affection which Plaintiffs have sustained and will sustain in the future; the loss of financial support, past and future, that Plaintiffs would likely have received, or been entitled to receive from Mr. Harmon had Mr. Harmon lived; the loss or reduction of inheritance from Mr. Harmon Plaintiffs are likely to suffer because of Mr. Harmon's death; any other evidence of assistance or benefit that Plaintiffs would likely have received had Mr. Harmon lived; and reasonable funeral and burial expenses.

Plaintiffs also seek punitive damages; interest to the extent permitted by law; attorneys' fees to the extent permitted by law; and any other further relief as the Court may deem just and proper.

Plaintiffs are unable to provide a precise computation of their damages because they lack necessary expert testimony and they

9

require the development of facts that are not yet available to them, as well as the fact that the nature of damages is not subject to precise calculation. Plaintiffs' investigation is ongoing, and Plaintiffs reserve all rights to supplement these disclosures to identify additional categories of damages.

### 2. Unnecessary Rigor

Damages for the unnecessary rigor claim include an amount that will compensate Plaintiffs for the loss suffered due to Patrick Harmon Sr.'s death. This amount is calculated based on all circumstances existing at the time of Mr. Harmon's death that establish Plaintiffs' loss, including the age, health and life expectancies of Mr. Harmon and Plaintiffs immediately prior to the death. This includes, without limitation: non-economic damages for the loss of such things as love, companionship, society, comfort, pleasure, advice, care, protection and affection which Plaintiffs have sustained and will sustain in the future; the loss of financial support, past and future, that Plaintiffs would likely have received, or been entitled to receive from Mr. Harmon had Mr. Harmon lived; the loss or reduction of inheritance from Mr. Harmon Plaintiffs are likely to suffer because of Mr. Harmon's death; any other evidence of assistance or benefit that Plaintiffs would likely have received had Mr. Harmon lived; and reasonable funeral and burial expenses. In

addition, Plaintiffs are entitled to damages for the period of time that Mr. Harmon lived after the injuries.

Plaintiffs also seek punitive damages; interest to the extent permitted by law; attorneys' fees to the extent permitted by law; and any other further relief as the Court may deem just and proper.

Plaintiffs are unable to provide a computation of their damages because they lack necessary expert testimony and they require the development of facts that are not yet available to them, as well as the fact that the nature of damages is not subject to precise calculation. Plaintiffs' investigation is ongoing, and Plaintiffs reserve all rights to supplement these disclosures to identify additional categories of damages.

Interrogatory No. 8: Please identify all other legal action in which any of the Plaintiffs has been involved.

Response: Objection. Any other legal actions are not relevant to the claims in the complaint, which arise from Mr. Harmon's interactions with the Salt Lake City Police Department. Plaintiffs' credibility is not at issue, only the damages they have suffered. There is no probative value as to discovery related to other cases for which Plaintiffs may or may not be involved.

Interrogatory No. 9: Please identify all income or financial support Mr. Harmon received for the period of five (5) years prior to his death and the source of such income or financial support.

Response: Plaintiffs do not currently possess any responsive information.

Interrogatory No. 10: Please identify all handicaps, physical or otherwise, that might have affected Mr. Harmon's employment or occupational opportunities for the period of ten (10) years prior to his death, including the nature of the handicap and dates of existence.

Response: Plaintiffs do not currently possess any responsive information.

Interrogatory No. 11: Please identify and describe all dependents Mr. Harmon was supporting for the period of ten (10) years prior to his death.

Response: Plaintiff Tasha Smith periodically received financial support from Mr. Harmon.

Interrogatory No. 12: Please identify and describe the amounts and dates of support Mr. Harmon provided to any of Plaintiffs or his dependents for the period of ten (10) years prior to his death.

Response: Plaintiff Tasha Smith periodically received financial support from Mr. Harmon.

Interrogatory No. 13: Please identify whether Mr. Harmon used tobacco, alcoholic, narcotic, or illicit substances in the period of five (5) years prior to his death. If so, please describe the extent to which he used each, specifying the particular substance and the average quantity consumed per week.

Response: Plaintiffs do not currently possess any responsive information.

Interrogatory No. 14: Please identify all individuals involved in responding to these interrogatories.

Response: Plaintiffs and their counsel.

**Objections and Responses to Requests for Production**

Request for Production No. 1: Please produce all photographs of Mr. Harmon in the possession of Plaintiffs at the time of his death that were taken within the five (5) years prior to his death.

Response: Responsive documents are disclosed herewith or will be supplemented.

Request for Production No. 2: Please produce all correspondence, including but not limited to letters, postcards, e-mails, text messages, and voicemails, between Mr. Harmon and any of Plaintiffs within the five (5) years prior to his death.

13

Response: Responsive documents are disclosed herewith or will be supplemented.

Request for Production No. 3: Please produce all documents or materials reflecting phone calls or visits between Mr. Harmon and any of Plaintiffs within the five (5) years prior to his death.

Response: Responsive documents are disclosed herewith or will be supplemented.

Request for Production No. 4: Please produce all documents or materials reflecting Mr. Harmon's work history, including but not limited to employment contracts, pay stubs, Forms W-2 or 1099, or tax returns, within the five (5) years prior to his death.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 5: Please produce all documents or materials reflecting financial report or assistance Mr. Harmon provided to any of Plaintiffs or Mr. Harmon's dependents within the five (5) years prior to his death.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 6: Please produce all documents or materials related to Mr. Harmon's estate, including but not limited to any wills, codicils, trust instruments, probate filings, inventories, or financial or personal property at the time of his death.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 7: Please produce all documents or materials related to Mr. Harmon's financial assets for the period of five (5) years prior to his death, including but not limited to bank statements, investment, brokerage or retirement account statements, mortgage statements, or title to or insurance on personal or real property.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 8: Please produce all of Mr. Harmons medical records from the period of five (5) years prior to his death.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 9: Please produce all documents or materials reflecting financial support or assistance Mr. Harmon received, including but not limited to support or assistance from Plaintiffs, family members, friends, or charitable or public entities, for the period of five (5) years prior to his death.

Response: Plaintiffs do not currently possess any responsive documents.

Request for Production No. 10: Please produce all documents or materials related to or supporting your alleged damages.

Response: Objection. Request No. 10 is vague as it calls for all documents "related to or support … damages." Plaintiffs entire lives were impacted by Mr. Harmon's death and it is impossible and unduly

burdensome to require documentation related to this event. Notwithstanding this objection, Plaintiffs will produce documents related to their emotional distress at a later date, with the appropriate designation under the Court's standard protective order. Plaintiffs also incorporate in this response all documents and materials produced in this matter to date.

Request for Production No. 11: Please produce all documents or materials related to the "Castleview" knife that was recovered near Mr. Harmon's body.

Response: All documents related to the knife are in the City's possession.

Request for Production No. 12: Please produce all newspaper articles or social media posts or comments in which any of Plaintiffs was involved related to Mr. Harmon's death.

Response: Plaintiffs are in the process of gathering social media posts. Plaintiffs are not aware of any newspaper articles in which they were involved related to their father's death.

Dated November 30, 2022

As to Objections:

*s/ Nicholas A. Lutz*
Nicholas A. Lutz
(admitted *pro hac vice*)
2701 Lawrence Street, Suite 100

Denver, Colorado 80205
(303) 578-4400 (p)
(303) 578-4401 (f)
qm@rmlawyers.com
nl@rmlawyers.com

*Attorney for Plaintiffs*

## **Verification**

I, Patrick Harmon II, declare:

I have read the foregoing Objections and Responses to Salt Lake City Corporation's First Set of Discovery Requests, and I know the contents thereof. Certain matters set forth therein are not within my personal knowledge. The responses set forth therein, subject to inadvertent and undiscovered errors, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discover in the course of preparation of these responses. Consequently, Plaintiffs reserve the right to make changes to these responses if it appears at any time that omissions or errors have been made therein or if more accurate information becomes available. Subject to the limitations as set forth herein, said responses are true to the best of my knowledge, information, and belief.

I declare under the penalty of perjury that the foregoing is true and correct.