APPEAL,CLOSED,OPEN_MJ,REMAND
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: <u>2:19–cv–00553–HCN</u>

| | |
|---|---|
| Harmon Sr, Patrick Estate of et al v. Salt Lake City et al | Date Filed: 08/02/2019 |
| Assigned to: Judge Howard C. Nielson, Jr | Date Terminated: 08/21/2023 |
| Case in other court:  3rd District, Salt Lake County, 190905238 | Jury Demand: Both |
| Tenth Circuit, 20–04085 | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

| | | |
|---|---|---|
| **Harmon Sr, Patrick Estate of** | represented by | **Andrew G. Deiss** |
| | | DEISS LAW PC |
| | | 10 W 100 S STE 700 |
| | | SALT LAKE CITY, UT 84101 |
| | | 801–433–0226 |
| | | Email: <u>deiss@deisslaw.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Qusair Mohamedbhai** |
| | | RATHOD MOHAMEDBHAI LLC |
| | | 2701 LAWRENCE ST STE 100 |
| | | DENVER, CO 80205 |
| | | (303)578–4400 |
| | | Email: <u>qm@rmlawyers.com</u> |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Corey Drew Riley** |
| | | DEISS LAW PC |
| | | 10 W 100 S STE 700 |
| | | SALT LAKE CITY, UT 84101 |
| | | (801)433–0226 |
| | | Email: <u>criley@deisslaw.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Nicholas A. Lutz** |
| | | UNIVERSITY OF DENVER |
| | | 2255 E EVANS AVE STE 335 |
| | | DENVER, CO 80210 |
| | | 303–871–6753 |
| | | Email: <u>nlutz@law.du.edu</u> |
| | | *TERMINATED: 08/07/2023* |

**Plaintiff**

**Patrick Harmon**
*as Personal Representative of the Estate*
*of Patrick Harmon Sr., and heir of*
*Patrick Harmon Sr.*

represented by **Andrew G. Deiss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Qusair Mohamedbhai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Corey Drew Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas A. Lutz**
(See above for address)
*TERMINATED: 08/07/2023*

**Plaintiff**

**Tasha Smith**
*as heir of Patrick Harmon Sr.*

represented by **Andrew G. Deiss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Qusair Mohamedbhai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Corey Drew Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas A. Lutz**
(See above for address)
*TERMINATED: 08/07/2023*

V.

**Defendant**

**Salt Lake City**
*a municipality*

represented by **Catherine L. Brabson**
SALT LAKE CITY ATTORNEYS
OFFICE
PO BOX 145478
451 S STATE ST STE 505
SALT LAKE CITY, UT 84114–5478
(801)535–7788
Email: Catherine.Brabson@slcgov.com
*TERMINATED: 12/17/2021*

2

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David F. Mull**
SALT LAKE CITY CORPORATION
PO BOX 145478
451 S STATE STE 505A
SALT LAKE CITY, UT 84114–5478
(801)535–7788
Email: david.mull@slcgov.com
*TERMINATED: 12/17/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine R. Nichols**
SALT LAKE CITY ATTORNEYS
OFFICE
PO BOX 145478
451 S STATE ST STE 505
SALT LAKE CITY, UT 84114–5478
801–535–7788
Fax: 801–535–7640
Email: katherine.nichols@slcgov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark E. Kittrell**
SALT LAKE CITY ATTORNEYS
OFFICE
PO BOX 145478
SALT LAKE CITY, UT 84114–5478
(801)535–7788
Email: Mark.Kittrell@slcgov.com
*TERMINATED: 12/17/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clinton Fox**                    represented by   **Catherine L. Brabson**
*Officer, and in his individual capacity*            (See above for address)
*TERMINATED: 12/17/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David F. Mull**
(See above for address)
*TERMINATED: 12/17/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine R. Nichols**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mark E. Kittrell**
(See above for address)
*TERMINATED: 12/17/2021*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/02/2019 | 1 | | Case has been indexed and assigned to Magistrate Judge Paul M. Warner. Defendants Clinton Fox and Salt Lake City are directed to E–File the Notice of Removal  and cover sheet (found under Complaints and Other Initiating Documents) and pay the filing fee of $ 400.00 by the end of the business day. NOTE: The court will not have jurisdiction until the opening document is electronically filed and the filing fee paid in the CM/ECF system. (tlh) (Entered: 08/02/2019) |
| 08/02/2019 | 2 | | NOTICE OF REMOVAL from Third District Court, Salt Lake County, case number 190905238, (Filing fee $ 400, receipt number 1088–3339890) filed by Clinton Fox, Salt Lake City. (Attachments: # 1 Exhibit Summonses and Complaint and Jury Demand, # 2 Exhibit B – Acceptance, # 3 Civil Cover Sheet Civil Cover Sheet) Assigned to Magistrate Judge Paul M. Warner (Brabson, Catherine) (Entered: 08/02/2019) |
| 08/05/2019 | 3 | | NOTICE OF ADR, e–mailed or mailed to Defendants Clinton Fox, Salt Lake City and Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (tlh) (Entered: 08/05/2019) |
| 08/05/2019 | 4 | | NOTICE – This case is assigned to a magistrate judge. To consent or request reassignment, use  the form on this link or use the included form for non–efilers and send it to consents@utd.uscourts.gov within 15 days or mail to the court with *Attention: Consent Clerk* on the envelope. Notice e–mailed or mailed to Defendants Clinton Fox, Salt Lake City, Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. Form due by 8/20/2019. (tlh) (Entered: 08/05/2019) |
| 08/05/2019 | 5 | | ORDER TO PROPOSE SCHEDULE – Plaintiff must propose a schedule to defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen(14) days after any defendant has appeared or twenty–eight (28) days after any defendant has been served with the complaint. See order for additional instructions. Signed by Magistrate Judge Paul M. Warner on 8/5/2019. (nl) (Entered: 08/05/2019) |
| 08/06/2019 | 6 | | File Received from 3rd District, Salt Lake County consisting of Docket and filings from state court. (Attachments: # 1 Complaint, # 2 Acceptance of Service SLC, # 3 Acceptance of Service C. Fox, # 4 State Notice of Removal) (nl) (Entered: 08/06/2019) |
| 08/19/2019 | 7 | | RECEIVED Consent/Reassignment Form from Defendants Clinton Fox, Salt Lake City. (nl) (Entered: 08/19/2019) |
| 08/19/2019 | 8 | | RECEIVED Consent/Reassignment Form from Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (nl) (Entered: 08/19/2019) |

| 08/19/2019 | 9 | | All Consent/Reassignment Forms have now been received. After review of all forms, Case Reassigned to District Judge per request of one or more party(s). Case randomly assigned to Judge Robert J. Shelby. Magistrate Judge Paul M. Warner no longer assigned to the case. (nl) (Entered: 08/19/2019) |
|---|---|---|---|
| 08/21/2019 | 10 | | Stipulated MOTION for Extension of Time to File Answer re 6 File Received and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order Granting Extension of Time to File a Response to Plaintiffs' Complaint)(Brabson, Catherine) (Entered: 08/21/2019) |
| 08/22/2019 | 11 | | ORDER granting 10 Stipulated Motion for Extension of Time to File a Response to Plaintiffs' Complaint: Defendants have up to and including **September 9, 2019** to file their responsive pleading. Signed by Judge Robert J. Shelby on 8/21/19. (dla) (Entered: 08/22/2019) |
| 09/09/2019 | 12 | | MOTION to Dismiss and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Brabson, Catherine) (Entered: 09/09/2019) |
| 09/09/2019 | 13 | | APPENDIX to 12 MOTION to Dismiss and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City . (Attachments: # 1 Exhibit A – Kris Smith Bodycam, # 2 Exhibit B – Clinton Fox Bodycam, # 3 Exhibit C – Scott Robinson Bodycam, # 4 Exhibit D – Combined Bodycam Video, # 5 Exhibit E – Officer Smith Frame by Frame Excerpts, # 6 Exhibit F – Officer Fox Frame by Frame Excerpts, # 7 Exhibit G – Compilation Photos, # 8 Exhibit H – Officer Robinson Frame by Frame Excerpts, # 9 Exhibit I – Knife Scene Photos)(Brabson, Catherine) (Entered: 09/09/2019) |
| 09/09/2019 | 14 | | NOTICE OF CONVENTIONAL FILING of Appendix of Exhibits to Defendants' Motion to Dismiss and Memorandum in Support [Dkt. 12] filed by Defendants Clinton Fox, Salt Lake City re 13 Appendix,, (Brabson, Catherine) (Entered: 09/09/2019) |
| 09/10/2019 | 15 | | EXHIBITS A–I to 12 Defendants' Motion to Dismiss and Memorandum in Support and 13 Appendix of Exhibits. (Exhibits will be maintained by the records department in the Clerk's Office). (dla) (Entered: 09/10/2019) |
| 10/01/2019 | 16 | | ORDER REFERRING CASE to Magistrate Judge Evelyn J. Furse under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge Robert J. Shelby on 10/1/2019. (mjm) (Entered: 10/01/2019) |
| 10/02/2019 | 17 | | ORDER OF RECUSAL Magistrate Judge Evelyn J. Furse recused. Case reassigned to Magistrate Judge Cecilia M. Romero for all further proceedings. Signed by Magistrate Judge Evelyn J. Furse on 10/2/19. (dla) (Entered: 10/02/2019) |
| 10/07/2019 | 18 | | Plaintiff's RESPONSE to Motion re 12 MOTION to Dismiss and Memorandum in Support filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Riley, Corey) (Entered: 10/07/2019) |
| 10/11/2019 | 19 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 12 MOTION to Dismiss and Memorandum in Support and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order Granting Extension of Time to File Reply |

| | | | |
|---|---|---|---|
| | | | Memorandum in Support of Motion to Dismiss) Motions referred to Cecilia M. Romero.(Brabson, Catherine) (Entered: 10/11/2019) |
| 10/15/2019 | 20 | | ORDER granting 19 Stipulated Motion for Extension of Time to File Reply Memorandum in Support of Motion to Dismiss: Defendants shall be allowed up to and including **November 4, 2019** to file their reply memorandum in support of 12 Defendants' Motion to Dismiss. Signed by Magistrate Judge Cecilia M. Romero on 10/15/19. (dla) (Entered: 10/15/2019) |
| 10/29/2019 | 21 | | **NOTICE OF HEARING ON MOTION** re: 12 MOTION to Dismiss and Memorandum in Support : (Notice generated by Mary Jane McNamee) Motion Hearing set for 2/6/2020 at 01:30 PM in Rm 3.100 before Judge Robert J. Shelby. (mjm) (Entered: 10/29/2019) |
| 11/04/2019 | 22 | | REPLY to Response to Motion re 12 MOTION to Dismiss and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Brabson, Catherine) (Entered: 11/04/2019) |
| 11/13/2019 | 23 | | NOTICE of Appearance by David F. Mull on behalf of Clinton Fox, Salt Lake City (Mull, David) (Entered: 11/13/2019) |
| 12/23/2019 | 24 | | MOTION for Admission Pro Hac Vice of Qusair Mohamedbhai , Registration fee $ 250, receipt number 1088–3447538, filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order granting Motion for Pro Hac Admission, # 2 Exhibit Pro Hac Application and ECF Form, # 3 Exhibit Certificate of Good Standing)(Deiss, Andrew) (Entered: 12/23/2019) |
| 12/23/2019 | 25 | | ORDER granting 24 Motion for Admission Pro Hac Vice of Qusair Mohamedbhai for Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* Signed by Judge Robert J. Shelby on 12/23/19. (dla) (Entered: 12/23/2019) |
| 01/15/2020 | 26 | | MOTION for Admission Pro Hac Vice of Nicholas A. Lutz , Registration fee $ 250, receipt number 1088–3464224, filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order granting Motion for Pro Hac Admission of Nicholas A. Lutz, # 2 Exhibit 1 (Pro Hac Application, ECF Form), # 3 Exhibit 2 (Certificate of Good Standing))(Deiss, Andrew) (Entered: 01/15/2020) |
| 01/16/2020 | 27 | | ORDER granting 26 Motion for Admission Pro Hac Vice of Nicholas A. Lutz for Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* Signed by Judge Robert J. Shelby on 1/16/20. (dla) (Entered: 01/16/2020) |
| 02/06/2020 | 28 | | Minute Entry for proceedings held before Judge Robert J. Shelby: Motion Hearing held on 2/6/2020 re : 12 MOTION to Dismiss and Memorandum in Support filed by Salt Lake City, Clinton Fox. The court hears oral argument and takes the matter under advisement. Attorney for Plaintiff: Nicholas Lutz, Corey Riley, Qusair Mohamedbhai, Andrew Deiss, Attorney for Defendant: Catherin Brabson, David Mull. Court Reporter: Ed Young.(mjm) (Entered: 02/10/2020) |

| 07/10/2020 | 29 | ORDER granting 12 Motion to Dismiss. Plaintiffs may file an amended complaint within 28 days should they wish to attempt to replead the claims dismissed without prejudice. If an amended complaint is not received within that time period, the court will close the case. Signed by Judge Robert J. Shelby on 7/10/2020.(chambers) (Entered: 07/10/2020) |
|---|---|---|
| 08/07/2020 | 30 | Plaintiff's MOTION to Remand to State Court Third District Court for Salt Lake County for the State of Utah and Memorandum in Support filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Riley, Corey) (Entered: 08/07/2020) |
| 08/10/2020 | 31 | NOTICE OF APPEAL as to 29 Order on Motion to Dismiss, filed by Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC−3678203. (Deiss, Andrew) (Entered: 08/10/2020) |
| 08/12/2020 | 32 | Transmission of Preliminary Record to USCA re 31 Notice of Appeal as to Tenth Circuit. (Attachments: # 1 Exhibit Preliminary Record) (dla) (Entered: 08/12/2020) |
| 08/12/2020 | 33 | USCA Case Number Case Appealed to Tenth Circuit Case Number 20−4085 for 31 Notice of Appeal filed by Tasha Smith, Harmon Sr, Patrick Estate of, Patrick Harmon. (jrj) (Entered: 08/12/2020) |
| 08/14/2020 | 34 | ORDER granting 30 Plaintiff's Motion to Remand to State Court: The court GRANTS the Motion and REMANDS Plaintiffs' state−law claims (Claims Four and Five) to the Utah Third District Court, Case No. 190905238. Signed by Judge Robert J. Shelby on 8/13/20. (dla) (Entered: 08/14/2020) |
| 08/14/2020 | 35 | JUDGMENT IN A CIVIL CASE: The court has granted Defendants' Motion to Dismiss. Accordingly, IT IS ORDERED AND ADJUDGED that judgment be entered in favor of Defendants Salt Lake City and Officer Clinton Fox and against Plaintiffs Estate of Patrick Harmon Sr., Patrick Harmon II, and Tasha Smith on Plaintiffs' First and Second Claims for Relief. Signed by Judge Robert J. Shelby on 8/14/20. (dla) (Entered: 08/14/2020) |
| 10/22/2020 | 36 | **RESTRICTED DOCUMENT** NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 2/6/20 before Judge Robert J. Shelby. Court Reporter/Transcriber Ed Young, Telephone number (801) 328−3202.<br><br>NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction |

| | | | |
|---|---|---|---|
| | | | Request due 11/12/2020. Redacted Transcript Deadline set for 11/23/2020. Release of Transcript Restriction set for 1/20/2021. (dla) Modified by removing restricted text on 1/20/2021 (nl). (Entered: 10/22/2020) |
| 10/23/2020 | 38 | | Please be advised the Record is complete for purposes of appeal for USCA case number 20–04085 re 31 Notice of Appeal. (dla) (Entered: 10/23/2020) |
| 04/13/2021 | 39 | | NOTICE OF TRANSMITTAL that case has been transferred to 3rd District Court, Salt Lake County via CM/ECF Remand letter, remand order, docket sheet sent given case number 190905238. (Attachments: # 1 Appendix) (dla) (Entered: 04/13/2021) |
| 04/13/2021 | | | Civil Case Terminated. Magistrate Judge Cecilia M. Romero no longer assigned to case per 34 Order. (dla) (Entered: 04/13/2021) |
| 11/10/2021 | 40 | | MANDATE of USCA as to 31 Notice of Appeal filed by Tasha Smith, Harmon Sr, Patrick Estate of, Patrick Harmon According to the USCA the Mandate of the USDC for the Dist of UT is Reversed and Remanded. Judgment included with mandate: Yes. (Attachments: # 1 Exhibit Mandate Letter) (dla) (Entered: 12/07/2021) |
| 12/07/2021 | 41 | | ORDER OF RECUSAL Judge Robert J. Shelby recused. Case reassigned to Judge Howard C. Nielson, Jr for all further proceedings. Signed by Judge Robert J. Shelby on 12/7/21. (dla) (Entered: 12/07/2021) |
| 12/14/2021 | 42 | | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Cecilia M. Romero under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge Howard C. Nielson, Jr on 12/14/2021. (kpf) (Entered: 12/14/2021) |
| 12/16/2021 | 44 | | DOCKET TEXT ORDER TO COMPLY WITH 5 ORDER TO PROPOSE SCHEDULE. The parties are hereby ordered to meet and confer and submit an attorney planning meeting report and proposed scheduling order to the court within fourteen (14) days of the date of this order. No attached document. Signed by Magistrate Judge Cecilia M. Romero on 12/16/2021. (jfm) (Entered: 12/16/2021) |
| 12/17/2021 | 45 | | SUBSTITUTION OF COUNSEL Katherine R. Nichols replacing David F. Mull; Catherine L. Brabson and Mark E. Kittrell as counsel on behalf of Clinton Fox, Salt Lake City. (Nichols, Katherine) (Entered: 12/17/2021) |
| 12/30/2021 | 46 | | Stipulated MOTION for Extension of Time Attorney Planning Meeting Report and Proposed Scheduling Order filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Riley, Corey) (Entered: 12/30/2021) |
| 01/03/2022 | 47 | | ORDER granting 46 Stipulated Motion for Extension of Time to File Attorney Planning Meeting Report and Proposed Scheduling Order. Signed by Magistrate Judge Cecilia M. Romero on 1/3/22. (dla) (Entered: 01/03/2022) |
| 01/05/2022 | 48 | | REPORT OF ATTORNEY PLANNING MEETING. (Riley, Corey) (Entered: 01/05/2022) |
| 01/06/2022 | 49 | | DOCKET TEXT ORDER TO SUBMIT PROPOSED SCHEDULING ORDER. The court is in receipt of 48 Attorney Planning Meeting Report. As previously directed in paragraph 2(a) of the 5 Order to Propose Schedule, the |

| | | | |
|---|---|---|---|
| | | | parties are ordered to submit a proposed scheduling order in Microsoft Word format directly to chambers email at utdecf_romero@utd.uscourts.gov within three days from the date of this order. No attached document. Signed by Magistrate Judge Cecilia M. Romero on 1/6/2022. (jfm) (Entered: 01/06/2022) |
| 01/07/2022 | 50 | | SCHEDULING ORDER: Amended Pleadings due by 3/8/2022. Joinder of Parties due by 3/8/2022. Expert Discovery due by 11/11/2022. Dispositive or Potentially Dispositive Motions due by 1/13/2023. Signed by Magistrate Judge Cecilia M. Romero on 1/6/22. (dla) (Entered: 01/07/2022) |
| 01/10/2022 | 51 | | MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Nichols, Katherine) (Entered: 01/10/2022) |
| 01/21/2022 | 52 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support *[no Memorandum in Support included, system error]* filed by Plaintiff Patrick Harmon. (Attachments: # 1 Text of Proposed Order GRANTING STIPULATED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO RECONSIDER ORDER OF REMAND) Motions referred to Cecilia M. Romero.(Deiss, Andrew) (Entered: 01/21/2022) |
| 01/24/2022 | 53 | | ORDER granting 52 Stipulated Motion for Extension of Time to file response to Motion to Reconsider Order of Remand 51 . Signed by Magistrate Judge Cecilia M. Romero on 1/24/22. (dla) (Entered: 01/24/2022) |
| 02/04/2022 | 54 | | Plaintiff's MEMORANDUM in Opposition re 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Exhibit State Docket, # 2 Exhibit Mull Email, # 3 Exhibit First Motion to Stay, # 4 Exhibit Order Denying First Motion to Stay, # 5 Exhibit Second Motion to Dismiss, # 6 Exhibit Order Denying Second Motion to Dismiss, # 7 Exhibit Answer, # 8 Exhibit Second Motion to Stay)(Riley, Corey) (Entered: 02/04/2022) |
| 02/16/2022 | 55 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 02/16/2022) |
| 02/16/2022 | 56 | | ORDER granting 55 Stipulated Motion for Extension of Time for Defendants to file a Reply Memorandum in support of their Motion to Reconsider Order of Remand 51 . Signed by Magistrate Judge Cecilia M. Romero on 2/16/22. (dla) (Entered: 02/16/2022) |
| 03/02/2022 | 57 | | REPLY to Response to Motion re 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Exhibit 1 – Minutes Status Conference)(Nichols, Katherine) (Entered: 03/02/2022) |
| 03/23/2022 | 58 | | ANSWER to Complaint filed by Clinton Fox, Salt Lake City.(Nichols, Katherine) (Entered: 03/23/2022) |

| 04/12/2022 | 59 | | **NOTICE OF HEARING ON MOTION** re: 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support : (Notice generated by HCN chambers). Motion Hearing set for 5/16/2022 at 02:00 PM in US District Court–SLCU before Judge Howard C. Nielson, Jr.<br><br>Hearing will be held via ZOOM. Link will be emailed to counsel. Members of the public or media who are interested in viewing this hearing may contact chambers at utdecf_nielson@utd.uscourts.gov (mlp) (Entered: 04/12/2022) |
|---|---|---|---|
| 05/16/2022 | 60 | | Minute Order. Proceedings held before Judge Howard C. Nielson, Jr. Motion Hearing held on 5/16/2022 re 51 MOTION to Vacate 34 Order on Motion to Remand to State Court, and Memorandum in Support filed by Salt Lake City, Clinton Fox. All parties appearing via video conference. Court heard argument. For the reasons stated on the record, the motion is GRANTED. Docket Number 34 ORDER granting 30 Plaintiff's Motion to Remand to State Court is VACATED. The court will exercise supplemental jurisdiction over Plaintiffs' state law claims. As discussed at the hearing, counsel shall promptly submit a proposed order for the court's review. SO ORDERED.<br><br>Written Order to follow oral order: No.<br><br>Attorney for Plaintiff: Corey Riley, Attorney for Defendant: Katherine Nichols. Court Reporter: Teena Green. (Time Start: 2:00, Time End: 3:00, Room: zoom video.) (mlp) (Entered: 05/16/2022) |
| 05/20/2022 | 61 | | ORDER granting 51 Motion to Reconsider Order of Remand: 1) Docket Number 51 , Motion to Vacate Remand Order is GRANTED. 2) Docket Number 34 , Order Granting Plaintiff's Motion to Remand to State Court is VACATED. 3) The Court will exercise supplemental jurisdiction over Plaintiffs state–law claims. Signed by Judge Howard C. Nielson, Jr on 5/18/22. (dla) (Entered: 05/20/2022) |
| 05/20/2022 | 62 | | NOTICE OF TRANSMITTAL that Order of Remand has been **vacated**, case has been transferred **from** 3rd District Court, Salt Lake County via U.S. Mail Order Vacating Remand Letter, Order Vacating Remand, Docket sent given case number 190905238. (Attachments: # 1 Exhibit Order Vacating Remand, # 2 Exhibit Docket Sheet) (dla) (Entered: 05/20/2022) |
| 06/06/2022 | 63 | | Stipulated MOTION for Amended Scheduling Order filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Deiss, Andrew) (Entered: 06/06/2022) |
| 06/08/2022 | 64 | | ORDER granting 63 Stipulated Motion for Amended Scheduling Order: Expert Discovery due by 2/9/2023. Dispositive or Potentially Dispositive Motions due by 4/12/2023. Signed by Magistrate Judge Cecilia M. Romero on 6/7/22. (dla) (Entered: 06/08/2022) |
| 07/01/2022 | 65 | | ACKNOWLEDGMENT OF RECEIPT of Order Vacating Order Remanding Case to State from 3rd District Court, State of Utah. (dla) (Entered: 07/20/2022) |
| 08/26/2022 | 66 | | MOTION for Summary Judgment and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Nichols, Katherine) (Entered: |

| | | | 08/26/2022) |
|---|---|---|---|
| 08/26/2022 | 67 | | APPENDIX to 66 MOTION for Summary Judgment and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City . (Attachments: # 1 Exhibit 1 – Dockets, # 2 Exhibit 2 – Dockets, # 3 Exhibit 3 – Criminal Information & Docket, # 4 Exhibit 4 – Patrick Harmon Active Warrants, # 5 Exhibit 5 – Depo of Clinton Fox, # 6 Exhibit 6 – Declaration of Clinton Fox, # 7 Exhibit 7 – Depo of Kris Smith, # 8 Exhibit 8 – Declaration of Kris Smith, # 9 Exhibit 9 – Kris Smith Body Camera, # 10 Exhibit 10 – Scott Robinson Body Camera, # 11 Exhibit 11 – Depo of Scott Robinson, # 12 Exhibit 12 – Clinton Fox Body Camera, # 13 Exhibit 13 – Combined Body Camera, # 14 Exhibit 14 – Clinton Fox Body Camera Still Photos, # 15 Exhibit 15 – Kris Smith Body Camera Still Photos, # 16 Exhibit 16 – Scott Robinson Body Camera Still Photos, # 17 Exhibit 17 – UPD OICI Report, # 18 Exhibit 18 – Salt Lake County District Attorney Screening Letter, # 19 Exhibit 19 – FBI Screening Letter, # 20 Exhibit 20 – Toxicology Report)(Nichols, Katherine) (Entered: 08/26/2022) |
| 08/26/2022 | 68 | | NOTICE OF CONVENTIONAL FILING of Exhibits filed by Defendants Clinton Fox, Salt Lake City re 67 Appendix,,,, (Nichols, Katherine) (Entered: 08/26/2022) |
| 08/26/2022 | 69 | | NOTICE OF CONVENTIONAL FILING filed by Salt Lake City and Clinton Fox Exhibits re: 66 MOTION for Summary Judgment. Consisting of body camera footage, and audio/video files, which cannot be submitted electronically. The Disk was not entered on the docket and will retained in an envelope in the Clerk's Office while the case is active, and according to the retention schedule set forth by the Judicial Conference. (kpf) (Entered: 09/01/2022) |
| 09/07/2022 | 70 | | Stipulated MOTION for Amended Scheduling Order filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order Proposed Amended Scheduling Order) Motions referred to Cecilia M. Romero.(Deiss, Andrew) (Entered: 09/07/2022) |
| 09/08/2022 | 71 | | ORDER granting 70 Stipulated Motion to Amend Scheduling Order: Expert Discovery due by 3/27/2023. Dispositive or Potentially Dispositive Motions due by 5/28/2023. Signed by Magistrate Judge Cecilia M. Romero on 9/8/22. (dla) (Entered: 09/08/2022) |
| 09/09/2022 | 72 | | MOTION for Short Form Discovery re: Stay Discovery Pending Resolution of Summary Judgment Motion filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 09/09/2022) |
| 09/16/2022 | 73 | | Plaintiff's RESPONSE to Motion re 72 MOTION for Short Form Discovery re: Stay Discovery Pending Resolution of Summary Judgment Motion filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Exhibit A (Motion to Stay), # 2 Exhibit B (Motion to Dismiss), # 3 Exhibit C (Motion to Stay), # 4 Text of Proposed Order Denying Defendants Short–Form Discovery Motion to Stay Discovery Pending Resolution of Summary Judgment Motion)(Riley, Corey) (Entered: 09/16/2022) |
| 09/22/2022 | 74 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Extension of Time to File Response/Reply *to Defendants' Motion for Summary Judgment* filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order Granting Extension of Time to Respond to Defendants' Motion for Summary Judgment) Motions referred to Cecilia M. Romero.(Riley, Corey) (Entered: 09/22/2022) |
| 09/23/2022 | 75 | | ORDER granting 74 Plaintiffs' Unopposed Motion for Extension of Time 74 to respond to Defendants' Motion for Summary Judgment 66 , Response due by 10/14/2022. Signed by Magistrate Judge Cecilia M. Romero on 9/23/22. (dla) (Entered: 09/23/2022) |
| 10/13/2022 | 76 | | MOTION for Extension of Time FOR PLAINTIFFS TO RESPOND TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT filed by Plaintiff Patrick Harmon. Motions referred to Cecilia M. Romero.(Deiss, Andrew) Modified by correcting event type on 10/14/2022 (dla). (Entered: 10/13/2022) |
| 10/14/2022 | 77 | | ORDER granting 76 Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment. Response due by 10/27/2022. Signed by Magistrate Judge Cecilia M. Romero on 10/14/22. (dla) (Entered: 10/14/2022) |
| 10/25/2022 | 78 | | WITHDRAWAL OF MOTION by Defendants Clinton Fox, Salt Lake City re 72 MOTION for Short Form Discovery re: Stay Discovery Pending Resolution of Summary Judgment Motion filed by Salt Lake City, Clinton Fox . (Nichols, Katherine) (Entered: 10/25/2022) |
| 10/27/2022 | 79 | | RESPONSE to Motion re 66 MOTION for Summary Judgment and Memorandum in Support filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Lutz, Nicholas) (Entered: 10/28/2022) |
| 10/28/2022 | 80 | | EXHIBITS filed by Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith re 79 Response to Motion. (Attachments: # 1 Exhibit Fox Deposition, # 2 Exhibit Smith Video, # 3 Exhibit Fox Video, # 4 Exhibit Robinson Video, # 5 Exhibit Smith Deposition, # 6 Exhibit Robinson Deposition, # 7 Exhibit UPD Investigation Report, # 8 Exhibit Lab Analysis Report, # 9 Exhibit Castleview Knife Photo, # 10 Exhibit Fox Declaration, # 11 Exhibit Fox Knife Photo, # 12 Exhibit Sweeney Report)(Lutz, Nicholas) (Entered: 10/28/2022) |
| 10/28/2022 | 81 | | NOTICE OF CONVENTIONAL FILING of Exhibits 2, 3, 4 filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith re 80 Exhibits,, 79 Response to Motion (Lutz, Nicholas) (Entered: 10/28/2022) |
| 10/31/2022 | 82 | | EXHIBITS 2, 3, and 4 re 79 Response to Motion, 80 Exhibits, 81 Notice of Conventional Filing filed by Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Note: The exhibits were filed with the clerk on a USB flash drive. Exhibits were not entered on the docket due to file type (video) and will be retained in a case folder in the Clerk's Office while case is active, and according to the retention scheduled set forth by the Judicial Conference thereafter.) (jwt) Modified on 11/1/2022 correcting filing date to 10/31/2022 (jwt). (Entered: 11/01/2022) |
| 11/03/2022 | 83 | | MOTION for Extension of Time to File Response/Reply as to 66 MOTION for Summary Judgment and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) |

| | | | |
|---|---|---|---|
| | | | Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 11/03/2022) |
| 11/04/2022 | 84 | | ORDER granting 83 Motion for Extension of Time to File Response/Reply re 66 MOTION for Summary Judgment. Replies due by 12/1/2022. Signed by Magistrate Judge Cecilia M. Romero on 11/04/2022. (jl) (Entered: 11/04/2022) |
| 11/17/2022 | 85 | | **NOTICE OF HEARING ON MOTION** re: 66 MOTION for Summary Judgment and Memorandum in Support : (Notice generated by HCN chambers). Motion Hearing set for 1/26/2023 at 10:30 AM in Rm 7.300 before Judge Howard C. Nielson, Jr. (mlp) (Entered: 11/17/2022) |
| 11/23/2022 | 86 | | MOTION for Extension of Time to File Response/Reply as to 66 MOTION for Summary Judgment and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 11/23/2022) |
| 11/28/2022 | 87 | | ORDER granting 86 Motion for Extension of Time to File Response/Reply re 66 MOTION for Summary Judgment: Reply memo due by 12/9/2022. Signed by Magistrate Judge Cecilia M. Romero on 11/28/22 (alt) (Entered: 11/28/2022) |
| 12/07/2022 | 88 | | Defendant's MOTION for Leave to File Excess Pages filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 12/07/2022) |
| 12/08/2022 | 89 | | ORDER granting 88 Defendants Motion for Excess Pages regarding Defendants' Reply in support of their Motion for Summary Judgment: Defendants may file a Reply not exceeding fifty (50) pages in length. Signed by Magistrate Judge Cecilia M. Romero on 12/8/22. (dla) (Entered: 12/08/2022) |
| 12/09/2022 | 90 | | REPLY to Response to Motion re 66 MOTION for Summary Judgment filed by Defendants Clinton Fox, Salt Lake City. (Nichols, Katherine) (Entered: 12/09/2022) |
| 12/09/2022 | 91 | | APPENDIX to 90 Reply Memorandum/Reply to Response to Motion filed by Defendants Clinton Fox, Salt Lake City . (Attachments: # 1 Exhibit 21 – Medical Examiner Report, # 2 Exhibit 22 – Depo of Patrick Harmon, II, # 3 Exhibit 23 – Depo of Tasha Smith, # 4 Exhibit 24 – Plaintiffs' Discovery Responses)(Nichols, Katherine) (Entered: 12/09/2022) |
| 12/23/2022 | 92 | | MOTION for Extension of Time Expert Disclosure Deadlines and Memorandum in Support filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. Motions referred to Cecilia M. Romero.(Lutz, Nicholas) (Entered: 12/23/2022) |
| 12/27/2022 | 93 | | ORDER granting 92 Motion for Extension of Time for Parties to Exchange Expert Disclosures. Signed by Magistrate Judge Cecilia M. Romero on 12/27/22 (alt) (Entered: 12/27/2022) |
| 12/27/2022 | | | **Reset Deadline per 93 Order:** Expert Discovery due by 4/24/2023 (alt) (Entered: 12/27/2022) |

| 01/23/2023 | 94 | | DESIGNATION OF EXPERTS Adam Bercovici, Shamus Smith filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith.(Lutz, Nicholas) (Entered: 01/23/2023) |
|---|---|---|---|
| 01/25/2023 | 95 | | **NOTICE OF HEARING ON MOTION** re: 66 MOTION for Summary Judgment : (Notice generated by HCN) Motion Hearing RESET for 2/15/2023 at 02:00 PM in Rm 7.300 before Judge Howard C. Nielson, Jr. (mlp) (Entered: 01/25/2023) |
| 02/02/2023 | 96 | | MOTION for Extension of Time to File Short Form Discovery Motion filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 02/02/2023) |
| 02/03/2023 | 97 | | ORDER granting 96 Unopposed Motion for Extension of Time to File Short–Form Discovery Motion: Defendants' deadline to file a short–form discovery motion is extended to and including **March 6, 2023.** Signed by Magistrate Judge Cecilia M. Romero on 2/3/23. (dle) (Entered: 02/03/2023) |
| 02/06/2023 | 98 | | Stipulated MOTION for Extension of Time to Complete Discovery filed by Plaintiffs Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. (Attachments: # 1 Text of Proposed Order Granting Extension of Time for Parties to Exchange Expert Disclosures) Motions referred to Cecilia M. Romero.(Riley, Corey) (Entered: 02/06/2023) |
| 02/07/2023 | 99 | | ORDER granting 98 Motion for Extension of Time to Complete Discovery/Exchange Expert Disclosures. Signed by Magistrate Judge Cecilia M. Romero on 2/7/23 (alt) (Entered: 02/07/2023) |
| 02/07/2023 | | | **Reset Deadline per 99 Order:** Expert Discovery due by 5/8/2023 (alt) (Entered: 02/07/2023) |
| 02/15/2023 | 100 | | Minute Order. Proceedings held before Judge Howard C. Nielson, Jr. Motion Hearing held on 2/15/2023 re 66 MOTION for Summary Judgment filed by Salt Lake City, Clinton Fox. Court heard argument and took under advisement 66 Motion for Summary Judgment.<br><br>Attorney for Plaintiff: Nicholas Lutz, Corey Riley, Attorney for Defendant: Katherine Nichols. Court Reporter: Teena Green. (Time Start: 2:00, Time End: 3:15, Room 7.300.) (mlp) (Entered: 02/15/2023) |
| 02/21/2023 | 101 | | Stipulated MOTION for Extension of Time to Complete Discovery and Memorandum in Support filed by Defendants Clinton Fox, Salt Lake City. (Attachments: # 1 Text of Proposed Order Granting [ECF 101] Stipulated Motion to Stay Expert Discovery Pending Resolution of Summary Judgment Motion) Motions referred to Cecilia M. Romero.(Nichols, Katherine) (Entered: 02/21/2023) |
| 02/22/2023 | 102 | | ORDER granting 101 Stipulated Motion to Stay Expert Discovery Pending Resolution of Summary Judgment Motion. Signed by Magistrate Judge Cecilia M. Romero on 2/22/23. (dle) (Entered: 02/22/2023) |
| 08/04/2023 | 103 | | NOTICE OF WITHDRAWAL OF COUNSEL of Nicholas A. Lutz filed by Nicholas A. Lutz on behalf of Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith (Lutz, Nicholas) (Entered: 08/04/2023) |

| 08/18/2023 | 104 | | MEMORANDUM DECISION AND ORDER granting 66 Motion for Summary Judgment. Signed by Judge Howard C. Nielson, Jr., on 8/18/2023. (jtp) (Entered: 08/18/2023) |
|---|---|---|---|
| 08/21/2023 | 105 | | JUDGMENT IN A CIVIL CASE: 1) That summary judgment is granted in favor of Defendants on Plaintiffs' remaining federal law claims. 2) That Plaintiffs' state law claims are remanded to the Utah Third District Court, Salt Lake County. Case Closed. Magistrate Judge Cecilia M. Romero no longer assigned to case. Signed by Judge Howard C. Nielson, Jr on 8/18/23. (dle) (Entered: 08/21/2023) |
| 08/21/2023 | 106 | | NOTICE OF TRANSMITTAL that case has been transferred to 3rd District, Salt Lake County via U.S. Mail Remand Letter, Judgment Remanding Case, Docket Sheet sent given case number 190905238. (Attachments: # 1 Exhibit Judgment, # 2 Exhibit Docket Sheet) (dle) (Entered: 08/21/2023) |
| 08/31/2023 | 107 | | BILL OF COSTS filed by Clinton Fox, Salt Lake City. (Attachments: # 1 Exhibit A (Invoices))(Nichols, Katherine) (Entered: 08/31/2023) |
| 08/31/2023 | 108 | | Defendant's MEMORANDUM re 107 Bill of Costs *(Verified)* filed by Clinton Fox, Salt Lake City. (Attachments: # 1 Exhibit 1)(Nichols, Katherine) (Entered: 08/31/2023) |
| 09/15/2023 | 109 | | NOTICE OF APPEAL filed by Patrick Harmon, Harmon Sr, Patrick Estate of, Tasha Smith. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC–4811621. (Deiss, Andrew) (Entered: 09/15/2023) |
| 09/15/2023 | 110 | | Transmission of Preliminary Record to USCA re 109 Notice of Appeal as to Tenth Circuit. (Attachments: # 1 Appendix Preliminary Record) (dle) (Entered: 09/15/2023) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II; and TASHA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE CITY; and OFFICER CLINTON FOX,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-553-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs, Mr. Patrick Harmon's Estate and two of his heirs, sue Defendants Salt Lake City and Officer Clinton Fox, alleging that Officer Fox used excessive force against Mr. Harmon in violation of the Fourth Amendment and seeking to hold Defendants liable under 42 U.S.C. § 1983. Plaintiffs also raise claims under Utah law.[1] Officer Fox claims qualified immunity and both Defendants move for summary judgment. The court grants the motion with respect to the Section 1983 claims and declines to exercise supplemental jurisdiction over the state-law claims.

## I.

On the night of August 13, 2017, Officer Kris Smith stopped Mr. Harmon after observing him commit traffic violations while riding a bicycle. *See* Smith Dep. at 58:5–59:4; Dkt. No. 66 ¶ 10. When Officer Smith asked Mr. Harmon for his name, date of birth, and identification, Mr. Harmon stated that he did not have identification and that his first name was "Peace." *See* Smith Dep. at 64:8–22. After failing to locate Mr. Harmon under this name in any of the databases he checked, Officer Smith called for backup. *See id.* at 65:7–18.

---

[1] Plaintiffs also asserted an equal protection claim against Defendants but did not appeal Chief Judge Shelby's dismissal of that claim. *See Estate of Harmon v. Salt Lake City*, 2021 WL 5232248, at *2 (10th Cir. Nov. 10, 2021).

Officer Smith then "re-approached" Mr. Harmon, who this time gave "his correct information." *Id.* at 71:14–19. Officer Smith returned to his car to verify Mr. Harmon's identity, and Officers Scott Robinson and Clinton Fox arrived. *See id.* at 71:17–20; Dkt. No. 66 ¶¶ 11–12. Officer Robinson spoke to Officer Smith as he continued to search for Mr. Harmon in the databases. *See* Smith Dep. at 71:21–25. At the same time, Officer Fox approached Mr. Harmon and asked him to "step off his bicycle." Fox Dep. at 123:1–10; Smith Bodycam at 6:50–59. Officer Smith eventually found "a recent booking photo" of Mr. Harmon and discovered that he had an active second-degree felony warrant for "aggravated assault with serious bodily injury." Smith Dep. at 72:1–6.

Officers Smith and Robinson put on their patrol gloves and approached Officer Fox and Mr. Harmon. Smith Bodycam at 7:20–46; Dkt. No. 66 ¶ 18. When Officer Fox observed the other officers put on their gloves, he inferred that they intended to arrest Mr. Harmon on a felony warrant. *See* Fox Decl. ¶ 6. Officer Smith ordered Mr. Harmon to place his hands behind his back, and Mr. Harmon initially complied. Smith Bodycam at 8:10–8:13; Fox Bodycam at 0:58–1:01; Robinson Bodycam at 1:12–1:15. But while Officers Smith and Robinson were attempting to handcuff Mr. Harmon, he broke free and started to run away. Smith Bodycam at 8:13–8:18; Fox Bodycam at 1:01–1:05; Robinson Bodycam at 1:15–1:20. All three officers pursued him. *See id.* Officers Fox and Robinson observed Mr. Harmon reach for his right pocket, Officer Smith saw him reach for his waist, and all three officers heard Mr. Harmon threaten to cut or stab them. *See* Fox Dep. at 133:11–14; Robinson Dep. at 29:14–15, 30:7–10; Smith Dep. at 85:17–23.

The following still frame from Officer Fox's bodycam footage appears to corroborate the officers' testimony that Mr. Harmon reached for his right pocket or waist:

2



Officer Fox then drew his firearm. *See* Fox Decl. ¶¶ 9–10. After Mr. Harmon ran forward for about one second, he slowed, began to pivot sidewise, and started shuffling his feet. At the same time, he brought his hands together in front of his chest, as shown in the still frames from the bodycam footage below. *See* Smith Bodycam at 8:17–8:18; Fox Bodycam at 1:05–1:06.



Mr. Harmon then turned his head and shoulders back in the direction of Officers Smith and Fox; dropped his left arm, while raising his right elbow so his right arm was at chest level

and his elbow bent; seemingly planted his right foot perpendicular to the sidewalk; and slightly bent his knees. *See id.*



Officer Fox testified that Mr. Harmon said, "I'll f***ing stab you" as he planted his foot and turned his head and shoulders toward the officers. Fox Dep. at 137:12–14. Similarly, Officer Smith testified that he heard Mr. Harmon say he was "going to stab or cut," Smith Dep. at 85:19–23, and that Mr. Harmon started to "plant and try to turn back towards us," *id.* at 83:15–24. Officer Fox testified that he then "looked to see if [Mr. Harmon's] hand was still in his pocket" and that "[b]y the time [he] was able to track and find [Mr. Harmon's] hand, his hand was somewhere chest to shoulder height and he was holding a knife." Fox Dep. at 137:16–20; *see also* Fox Decl. ¶ 11. Officer Smith, however, testified that he never saw a knife, *see* Smith Dep. at 89:3–8, and Officer Robinson testified that he does not remember whether he saw a knife in Mr. Harmon's hand, *see* Robinson Dep. at 29:19–30:11.

Officer Fox came to a quick stop approximately five to seven feet from Mr. Harmon. *See* Dkt. Nos. 66 ¶ 41 & 79 at 11 ¶ 41. Officer Fox testified that at that moment he believed that Mr. Harmon intended to stab him, that using his firearm was "[p]robably the only option to defend [himself]," and that neither Officer Smith nor Officer Robinson was aware that Mr. Harmon possessed a knife. Fox Dep. at 172:14–15; Fox Decl. ¶ 12. Officer Fox then shouted, "I'll f***ing shoot you" and fired three shots at Mr. Harmon in quick succession. Fox Bodycam at

1:05–07; Smith Bodycam at 8:18–20. Only about six seconds elapsed between when Mr. Harmon started to flee and when Officer Fox shot him. Fox Bodycam at 1:01–07; Smith Bodycam at 8:13–19.

Mr. Harmon fell to the ground and, as shown in the still-frame below, when Officer Robinson approached Mr. Harmon to handcuff him and render first-aid, he passed a knife lying on the grass next to Mr. Harmon's right arm. Robinson Bodycam at 1:33–35. At the summary judgment hearing, Plaintiffs' counsel conceded that, given the sequence of events and the timing of the bodycam footage, the knife could not have been dropped or planted by any of the officers. *See* Dkt. No. 100 at 2:00:48–01:05.



SLCC 002689

Officer Robinson told a first responder arriving on the scene that there "was a knife somewhere" that should be collected for evidence and that "[Mr. Harmon] pulled out the knife." Robinson Bodycam at 3:55–4:03. Officer Robinson also asked Officer Fox if he had collected

the knife, and Officer Fox said he had not. Fox Bodycam at 6:06–15. Although the knife was later checked for fingerprints and DNA, "[n]othing of value was recovered" from this forensic examination. Dkt. No. 80-8 at 1.

Mr. Harmon later died from gunshot wounds to his arm and torso. *See* Dkt. No. 91-1 at 1. The gunshot wounds to his torso entered the left side of his lower back, travelled "left to right" and "back to front," impacting the right side of the front of his body, including his pelvic region, "right groin," and "right femoral vein." *Id.* at 3.

Plaintiffs then filed this action. After Chief Judge Shelby granted Defendants' motion to dismiss Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over the state-law claims, Plaintiffs appealed, and the Tenth Circuit reversed and remanded. *See Estate of Harmon v. Salt Lake City*, 2021 WL 5232248 (10th Cir. Nov. 10, 2021). Defendants now move for summary judgment.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it "might affect the outcome of the suit under the governing law"; a "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

 "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. "In qualified immunity cases, this usually means adopting . . . the plaintiff's version of the facts." *Scott v. Harris*, 550 U.S. 372, 378 (2007). But a "plaintiff's version of the facts must find support in the record." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304,

6

1312 (10th Cir. 2009). The plaintiff thus "may not rest upon the mere allegations or denials of his pleading," *Anderson*, 477 U.S. at 248 (cleaned up), for "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings," *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018) (cleaned up). Rather, the plaintiff must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (quoting Fed. R. Civ. P. 56(a)).

It follows that a "mere existence of a scintilla of evidence in support of the plaintiff's position" does not suffice to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. Nor does "mere speculation, conjecture, or surmise"—whether couched in argument, testimony, or other evidence—"suffice to create a genuine issue of material fact to withstand summary judgment." *Bones v. Honeywell, Int'l, Inc.*, 366 F.3d 869, 875–76 (10th Cir. 2004). And "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Finally, parties opposing summary judgment cannot create a genuine dispute of material fact by "merely assert[ing] that the jury might disbelieve the testimony" of interested witnesses. *Helget v. City of Hays, Kansas*, 844 F.3d 1216, 1223 n.3 (10th Cir. 2017) (cleaned up). Rather, they "must present [their] own affirmative evidence of those facts which are contradicted by the interested testimony." *Id.* (cleaned up); *see also Anderson*, 477 U.S. at 256–57.

### III.

Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Estate of Booker v. Gomez*, 745 F.3d 405,

411 (10th Cir. 2014) (cleaned up). The defense protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (cleaned up).

Once invoked, this defense must be sustained unless the plaintiff can (1) "make out a violat[ion] of a constitutional right," and (2) show that "the right at issue was clearly established at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (cleaned up). A plaintiff bears the "heavy burden" of satisfying both parts of this test to overcome qualified immunity and survive summary judgment. *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017). If the plaintiff fails to make one of these required showings, the court "does not need to address both." *Soza v. Demsich*, 13 F.4th 1094, 1099 (10th Cir. 2021) (citing *Pearson*, 555 U.S. at 236–37).

Defendants argue that Officer Fox is entitled to qualified immunity because, as a matter of law, Plaintiffs cannot show that he used excessive force against Mr. Harmon in violation of the Fourth Amendment. The court agrees.

## A.

The Fourth Amendment secures the "right of the people . . . against unreasonable searches and seizures." U.S. CONST. amend. IV. An arrest is a seizure within the meaning of this Amendment. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). And although the "right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion, or threat thereof to effect it," *id.* at 396, the Fourth Amendment prohibits "excessive force during an investigation or arrest," *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

The Supreme Court has emphasized that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and that the "calculus of reasonableness must embody allowance

8

for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97. Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. The "excessive force determination" is a legal question that the court may make "on its own, such as on summary judgment" absent a genuine dispute regarding the historical facts. *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1254 (10th Cir. 2013).

While cautioning that "the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Graham*, 490 U.S. at 396 (cleaned up), the Supreme Court has provided "three nonexclusive factors for determining whether a particular use of force was excessive: (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether he is actively resisting arrest or attempting to evade arrest by flight,'" *Estate of Valverde by & through Padilla v. Dodge*, 967 F.3d 1049, 1060 (10th Cir. 2020) (quoting *Graham*, 490 U.S. at 396).

**B.**

Because the second *Graham* factor "is undoubtedly the most important," the court begins its analysis there. *Estate of Valverde*, 967 F.3d at 1060–61 (cleaned up). "In assessing the degree of threat facing officers," the court should consider "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008). In addition, the Tenth Circuit has held that "an

9

officer's use of [deadly] force is reasonable only if a reasonable officer in Defendants' position would have had probable cause to believe that there was a threat of serious physical harm to themselves or others." *Pauly v. White*, 814 F.3d 1060, 1070 (10th Cir. 2016), *vacated and remanded on other grounds*, 580 U.S. 73 (2017) (cleaned up).

### 1.

Because Officer Fox used deadly force and the *Estate of Larsen* factors repeatedly mention the presence of a weapon, the court first considers whether there is a genuine dispute of material fact regarding whether Mr. Harmon was armed. Plaintiffs alleged in the complaint that Mr. Harmon was unarmed and, at the motion-to-dismiss stage, the Tenth Circuit held that the bodycam footage did not blatantly contradict that allegation. *See Estate of Harmon*, 2021 WL 5232248, at *3. At the summary-judgment stage, however, Plaintiffs' mere allegation cannot be accepted as true. Rather, Plaintiffs must identify evidence in the record that suffices to create a genuine dispute of material fact. The court concludes that they have failed to do so.

The evidence before the court includes Officer Fox's testimony that he saw a knife in Mr. Harmon's hands; all three officers' testimony that they saw Mr. Harmon reach for his right hip or pocket and that they heard him threaten to cut or stab them; bodycam footage showing Mr. Harmon's stance, immediately before the shooting, which is consistent with an individual brandishing a knife; bodycam footage of a knife laying on the ground next to Mr. Harmon's right arm immediately after he was shot; and bodycam footage showing Officers Fox and Robinson discussing the knife with each other and with other first responders after the shooting.

Plaintiffs nevertheless argue that a reasonable jury could find that Mr. Harmon was unarmed at the time of the shooting. First, Plaintiffs appear to argue that a reasonable jury could disbelieve the officers' testimony because they are friends with one another. But to show a

genuine dispute of material fact, Plaintiffs must identify "affirmative evidence" that contradicts the officers' testimony—it is not enough to "merely assert that the jury might disbelieve [that] testimony"—even if it comes from interested witnesses. *Helget*, 844 F.3d at 1223 n.3; *see also Anderson*, 477 U.S. at 256–57.

Second, Plaintiffs contend that the Officer Fox's testimony is inconsistent with the testimony of Officer Smith, who testified that he did not see a knife, and the testimony of Officer Robinson, who testified that he could not recall whether he saw Mr. Harmon holding a knife. The court concludes that neither officer's testimony contradicts Officer Fox's testimony or provides more than a scintilla of evidence that Mr. Harmon was not holding a knife. For one thing, it was dark outside during the fast-moving altercation. Indeed, according to his own testimony, it took Officer Fox a moment to realize that Mr. Harmon was holding a knife—even when he actively tried to "track and find" Mr. Harmon's hand. Fox Dep. at 137:12–20. For another, as Plaintiffs admit, Officer Robinson may not have been in a position to see a knife in Mr. Harmon's hand given his location and the fact that he was scrambling to get back up after falling as Mr. Harmon pushed passed him. *See* Dkt. No. 100 at 1:53:26–31; Robinson Dep. at 25:10–16. Similarly, Officer Smith was aiming his taser at Mr. Harmon's chest and was thus focused on that part of that of his body rather than his hands. *See* Smith Dep. at 84:9–14.

Further, although Officer Smith testified that he did not see Mr. Harmon holding a knife, he also testified that he did see Mr. Harmon start to "plant and try to turn back towards" the officers, Smith Dep. at 83:15–24, and that he heard Mr. Harmon threaten to "stab or cut" them, *id*. at 85:19–23. And it is clear from the conversation among Officer Robinson, Officer Fox, and other first responders that Officer Robinson was not surprised by the knife next to Mr. Harmon's hand and that he had either seen, or at least inferred, that Mr. Harmon had "pulled out the knife."

11

Robinson Bodycam at 3:05–4:03. While the testimony of these two officers may not affirmatively establish that Mr. Harmon possessed a knife, it tends to corroborate and reinforce Officer Fox's testimony. Certainly, these officers' testimony provides no basis on which a reasonable jury could disbelieve Officer Fox's testimony and conclude that Mr. Harmon was unarmed.

Third, Plaintiffs maintain that Officer Fox's testimony is inconsistent with his failure to warn the other officers that Mr. Harmon had a knife either before or after he shot Mr. Harmon and Officer Fox's and Officer Robinson's failure to secure the knife promptly after the shooting. *See* Dkt. No. 79 at 30. But Officer Fox testified that he did not warn the other officers about the knife because "everything had happened so fast" that he was "still trying to process what happened," and Mr. Harmon "was almost completely face down," "not moving" or breathing normally, and thus "in that particular moment . . . not a threat." Fox Dep. at 144:25–145:10. And Officer Robinson explained that he did not secure the knife because he knew Mr. Harmon needed immediate medical attention, he asked Officer Fox to "cover" him while he placed Mr. Harmon in handcuffs, and "the knife was no longer an issue" once he placed "Mr. Harmon into custody." Robinson Dep. at 27:5–8, 28:9–10.[2] Both officers' testimony appears to be corroborated by the bodycam footage. *See* Smith Bodycam at 8:24–50; Fox Bodycam at 1:07–48; Robinson Bodycam at 1:23–51. In light of this evidence, as well as all of the other evidence regarding the knife, the court concludes that Officer Fox's failure to warn the other officers about

---

[2] For the same reason, Officer Robinson's failure to comment on the knife as he approached Mr. Harmon after the shooting is unremarkable. And even if Officer Robinson failed to notice the knife when he first approached Mr. Harmon, his bodycam footage clearly shows the knife next to Mr. Harmon's right arm, and the court cannot see how Officer Robinson's oversight (if there was one) contradicts Officer Fox's testimony. Further, as already explained, the bodycam footage makes clear that Officer Robinson saw the knife at some point and inferred—if he had not seen—that Mr. Harmon had "pulled out the knife."

the knife and the failure of Officer Fox and Officer Robinson to secure the knife immediately after the shooting do not create a genuine dispute of fact.

Fourth, Plaintiffs point out that in the bodycam footage, a knife is not visible in Mr. Harmon's hand and Mr. Harmon cannot be heard threatening the officers. But the bodycam footage is dark and grainy and at many points throughout the videos Mr. Harmon's voice cannot be clearly heard. Further, the bodycam footage shows Mr. Harmon in a position that looks very much like an individual brandishing a knife, and while it does not clearly show that he was holding a knife, it also does not clearly show that he was *not* holding a knife. Rather, the footage is simply too dark and grainy to make out what, if anything, Mr. Harmon has in his hand. And the bodycam footage clearly does show a knife next to Mr. Harmon's right arm after he had been shot and fallen to the grass. Regardless of whether the bodycam footage, standing alone, conclusively establishes that Mr. Harmon was holding a knife, it thus does not contradict the officers' testimony or provide evidence that could support reasonable jury findings that Mr. Harmon was not holding a knife or that he did not threaten the officers.

Fifth, although Plaintiffs acknowledge the knife found next to Mr. Harmon as the "elephant in the room" and concede that it could not have been dropped or planted by any of the officers on the scene, Dkt. No. 100 at 1:56:10–15, 2:00:48–01:05, they argued at the summary judgment hearing that a reasonable jury could simply disregard the knife's presence and potential significance without attempting to reach any conclusion about where the knife came from. *See id.* at 1:59:20–45. The court disagrees. A reasonable jury must reach its findings based on its consideration of all of the evidence. While a reasonable jury ultimately may choose not to credit or give weight to some of the evidence, it must have a reasonable basis for that choice. It cannot simply and arbitrarily throw up its hands and decide to ignore clearly relevant evidence. For a

reasonable jury to return a verdict in Plaintiffs favor, it would thus have to accept some reasonable explanation, based on evidence rather than speculation, for why a knife was lying next to Mr. Harmon's right arm immediately after the shooting. It could not reasonably reach such a verdict while simply choosing to ignore important—and contrary—material evidence.

Sixth, Plaintiffs contend that a reasonable jury could find that Mr. Harmon did not brandish the knife found next to his arm after the shooting because it is a manual folding knife that requires two hands to open and, given the timing and sequence of the events leading to his shooting, Mr. Harmon could not have opened it. *See* Dkt. Nos. 79 at 20 & 100 at 2:06:52–07:44. But even if the knife did require two hands to open, the bodycam footage shows Mr. Harmon bringing both of his hands together after reaching for his pocket and before taking a position consistent with a person brandishing a knife. The bodycam footage thus contradicts Plaintiffs' argument that Mr. Harmon could not have opened the knife.

Finally, Plaintiffs argue that a reasonable jury could conclude that the knife might have been on the grass before the shooting and that Mr. Harmon's right arm could have landed directly next to it just by coincidence. To be sure, Mr. Harmon's DNA or fingerprints were not found on the knife. *See* Dkt. No. 79 at 31. But given that *"[n]othing of value* was recovered" from the forensic examination of the knife, Dkt. No. 80-8 at 1 (emphasis added), this provides no more than "a scintilla of evidence" in support of Plaintiffs' contention.

And while Plaintiffs maintain that the knife is of a type typically used by first responders, *see* Dkt. No. 79 at 30–31, and that the shooting occurred in a high crime area where an open knife on the ground might be present, *see* Dkt. No. 100 at 1:58:20–37, they have not provided any meaningful evidence in support of either argument. Indeed, all Plaintiffs have provided is a photograph showing the words "Castleview Hospital" engraved on the knife, *see* Dkt. No. 80-9,

14

and the statement of Sergeant Sweeney, who initially assumed the knife might be Officer Fox's when he arrived after the shooting, *see* Dkt. No. 80-12 at 1. But apparently the nearest Castleview Hospital is in Price, Utah, *see* Dkt. No. 2-1 ¶ 113; Fox Dep. at 205:14–206:12; Smith Dep. at 99:3–10—roughly two hours south of Salt Lake City by car. It is thus extremely doubtful that any employee of that hospital would have served as a first responder in Salt Lake City, let alone carelessly left a folding knife open on the grass next to a sidewalk. And even if Sergeant Sweeney's initial mistake suggests that Salt Lake City first responders use similar knives, Plaintiffs offer no explanation why a Salt Lake City first responder would carry a knife from Castleview Hospital. Nor do they offer any evidence that similar knives are not readily available to individuals who are not first responders. For all of these reasons, the court is doubtful that either the photograph or Sergeant Sweeney's erroneous first assumption amounts even to a "scintilla of evidence" in support of Plaintiffs' contentions.

Plaintiffs' efforts to provide an alternative explanation for the knife's presence next to Mr. Harmon thus amount to nothing more than an attempt to "show that there is some metaphysical doubt" about where the knife came from. *Scott*, 550 U.S. at 380. Viewed in light of all of the evidence, Plaintiffs' suggestion that it could have been mere happenstance that an open knife was lying right next to Mr. Harmon's right arm after the shooting is nothing more than "speculation, conjecture, or surmise" that cannot defeat a motion for summary judgment. *Honeywell, Int'l, Inc.*, 366 F.3d at 875.[3]

---

[3] Although the Tenth Circuit mentioned in its discussion of the facts that "a still frame from the video shows the open knife on the ground near Mr. Harmon's right hand after he fell to the ground," *Estate of Harmon*, 2021 WL 5232248, at *2, it did not discuss this fact in concluding that the bodycam footage did not blatantly contradict Plaintiffs' allegation that Mr. Harmon was unarmed, presumably because it recognized that "further discovery could clarify" this issue, *id.*, *4. Because further discovery did not reveal anything about the origins of the knife

*      *      *

Considering all of Plaintiffs' arguments together, the court concludes that Plaintiffs offer a mere scintilla of evidence, supplemented by ample speculation, in support of their contention that Mr. Harmon was unarmed. The court thus concludes that a reasonable jury could not find that Mr. Harmon was unarmed and proceeds with its analysis of the *Estate of Larsen* factors in light of this conclusion.

## 2.

The first factor—whether the officers ordered Mr. Harmon to drop the knife—weighs in Plaintiffs' favor because "the officers never ordered Mr. Harmon to drop a weapon." *Estate of Harmon*, 2021 WL 5232248, at *4. The court concludes that this factor does not weigh heavily against the use of force in this case, however, because it does not appear that it would have been practical to issue such an order. *See Estate of Valverde*, 967 F.3d at 1061–62 (citing *Tennessee v. Garner*, 471 U.S. 1, 11–12 (1985)). Mr. Harmon was not holding the knife when the confrontation with the police officers began, *see id.*, only six seconds elapsed from when Mr. Harmon started to flee and Officer Fox fired his weapon, and only five to seven feet separated Mr. Harmon and Officer Fox when Mr. Harmon threatened the officers and when (according to Officer Fox) Mr. Harmon brandished the knife. Under these "rapidly evolving circumstances involving deadly threats," an objectively reasonable officer could have perceived that Mr. Harmon posed a deadly threat and that it was not feasible to warn him to drop the knife before taking action to eliminate the threat. *Cf. Estate of Smart by Smart v. City of Wichita*, 951 F.3d

---

other than Officer Fox's testimony that he saw Mr. Harmon holding a knife, as well as the officers' testimony and sworn statements that they heard Mr. Harmon threaten to stab or cut them, that Mr. Harmon reached for his right pocket or hip, and that he assumed a stance consistent with a person brandishing a knife, the court does not read the Tenth Circuit's opinion addressing Defendants' motion to dismiss to preclude the court from concluding, at the summary-judgment stage, that no reasonable jury could find that Mr. Harmon was unarmed.

16

1161, 1174–75 (10th Cir. 2020) (holding—and collecting cases from other circuits that hold—that officers do not violate clearly established law by failing to give a warning before using force in fast-moving situations involving imminent threats).

### 3.

The court next considers the second *Estate of Larsen* factor—whether Mr. Harmon made any hostile motions with the weapon towards the officers. In ruling on the motion to dismiss, the Tenth Circuit held that Chief Judge Shelby erred in concluding that Mr. Harmon stood in "a threatening, stabbing stance" and that Mr. Harmon "started back towards Officer Fox" because the bodycam footage did not "blatantly contradict[] the Estate's well-pleaded factual allegation[]" that Mr. Harmon merely "turned his head to look back at the officers as he continued to run." *Estate of Harmon*, 2021 WL 5232248, at *4. But as discussed above, at the summary-judgment stage of the proceedings, Plaintiffs may no longer rest on allegations. Rather they must identify evidence that supports their position.

Here also, the evidence now before the court includes more than the bodycam footage. Officers Smith and Fox both testified that Mr. Harmon started to plant his feet and pivot toward them. Officer Smith further testified that he was able to view the upper part of Mr. Harmon's chest and aimed his taser at that part of Mr. Harmon's body. *See* Smith Dep. at 84:4–19. Officer Smith could not have done so had Mr. Harmon merely turned his head back to look at the officers while continuing to run.[4]

In addition, the evidence shows that two of the gunshots entered the left side of Mr. Harmon's lower back and impacted or exited the right front side of his body. *See* Dkt. No. 91-1

---

[4] To be sure, Officer Smith testified that he did not see Mr. Harmon "manifest hostile intentions." Smith Dep. at 86:25–87:4. But again, Officer Smith was focusing on aiming his taser at Mr. Harmon's chest and did not see a knife in his hand.

at 3. The path these bullets travelled through his body and the resulting wounds are clearly consistent with his being roughly perpendicular to the officers rather than running away from them. For had he only turned his head and not his lower body, the bullets presumably would not have travelled from "left to right" nearly thirteen inches (for one bullet) or more than seven inches (for the other). *Id.*

Even if, as the Tenth Circuit concluded, the bodycam footage is not alone sufficiently clear to "blatantly contradict" Plaintiffs' allegation, it still corroborates the officers' testimony. It shows Mr. Harmon turning sidewise, perpendicular with the officers; side shuffling and then (at least apparently) planting his feet; and turning his head and upper body toward the officers. The bodycam footage also appears to corroborate the officers' testimony that Mr. Harmon reached for his right hip or pocket. And as Mr. Harmon then turned, the footage clearly shows him bringing both of his hands together at his chest, and then dropping his left arm and raising his right elbow so his right arm was at chest level with his elbow bent while slightly bending his knees and apparently planting his feet. This sequence of actions clearly tracks what a person retrieving, opening, and then brandishing a folding knife would likely do.

Based on Mr. Harmon's actions, coupled with his possession of a knife and his threats to cut or stab the officers, the court concludes that a reasonable officer could perceive that Mr. Harmon made hostile, threatening motions with a knife toward the officers. The court thus concludes that the second *Estate of Larsen* factor weighs in favor of Officer Fox.

**4.**

Even at the motion-to-dismiss stage, the Tenth Circuit concluded that the third and fourth *Estate of Larsen* factors weighed in favor of Defendants because "there was around five to seven feet separating the officers and Mr. Harmon" and "Mr. Harmon manifested the intention to evade

18

arrest by running and pushing past an officer." *Estate of Harmon*, 2021 WL 5232248, at *4. Plaintiffs do not appear to argue that these factors now weigh in their favor, nor have they identified any evidence that would support that contention.

To the contrary, the evidence identified by the parties not only reinforces the Tenth Circuit's conclusion regarding these factors but increases the weight they must be given. After all, the Tenth Circuit concluded that the five to seven feet that separated Mr. Harmon from Officer Fox was a short enough distance to weigh in favor of the use of force *even while crediting Plaintiffs' allegations that Mr. Harmon was unarmed and fleeing from the officers*. But in light of the testimony that Mr. Harmon had begun to turn toward the officers while brandishing a knife and threatening to cut or stab them, as well as the bodycam footage—which corroborates at least some aspects of this testimony—Mr. Harmon's proximity must be considered to have presented a far more menacing and imminent threat to the officers' safety. *See Estate of Larsen*, 511 F.3d at 1260–61, n.1 (10th Cir. 2008).

The same evidence also makes clear that Mr. Harmon had manifested an "intention to evade arrest" not only "by running and pushing past an officer" but also by threatening to cut or stab the officers with a knife. Mr. Harmon thus manifested an intention to avoid arrest by any means, including violent and potentially deadly force.

**5.**

Given that most of the *Estate of Larsen* factors favor Officer Fox—including, most importantly, that Mr. Harmon threatened the officers with a knife—the court concludes that a reasonable officer in Officer Fox's position could perceive that Mr. Harmon posed an immediate threat to the safety of the officers. The court thus concludes that the second *Graham* factor weighs in favor of Officer Fox.

19

### C.

The other *Graham* factors are the severity of the crime at issue and whether Mr. Harmon was evading arrest. The Tenth Circuit held that these factors weighed in favor of Officer Fox even at the motion-to-dismiss stage, *see Estate of Harmon*, 2021 WL 5232248, at *3, and Plaintiffs conceded at the summary judgment hearing that these factors support the use of force in this case. *See* Dkt. No. 100 at 1:48:57–1:49:06. Neither of these factors requires extensive further analysis.

Under Tenth Circuit precedent, "the first *Graham* factor weighs against the plaintiff when the crime at issue is a felony, irrespective of whether that felony is violent or nonviolent." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1170 (10th Cir. 2021). Here, although the officers first stopped Mr. Harmon based on minor traffic infractions, they decided to arrest him based on an outstanding felony warrant. To be sure, it appears that at the time of the attempted arrest and shooting, Officer Fox did not know what crime was specified in the warrant. But his uncontradicted testimony makes clear that he inferred from the other officers' conduct that Mr. Harmon was being arrested on a felony warrant. *See* Fox Decl. ¶ 6.

As for the third factor, there is no dispute that Mr. Harmon was evading arrest.

### D.

Based on its analysis of the *Graham* factors and the totality of the circumstances, the court concludes, as a matter of law, that Officer Fox's use of deadly force was reasonable in this case. It follows that Plaintiffs have failed to establish that Officer Fox violated Mr. Harmon's Fourth Amendment rights and that Officer Fox is entitled to qualified immunity.

\*   \*   \*

The court recognizes that the Tenth Circuit's opinion reversing Chief Judge Shelby's dismissal of Plaintiffs' claims contains certain statements that, taken out of context, could be

20

read to preclude this court from granting summary judgment in favor of Defendants. For example, the Tenth Circuit stated that "when viewing the evidence in the light most favorable to the Estate, we think a jury could conclude that Officer Fox unreasonably perceived Mr. Harmon to be armed with a knife" and that "[b]ased on the totality of the circumstances, a reasonable trier of fact could view Officer Fox's actions as objectively unreasonable." *Estate of Harmon* 2021 WL 5232248, at *4–5.

But as the Tenth Circuit repeatedly emphasized, it was required at the motion-to-dismiss stage to accept as true Plaintiffs' allegations, including that Mr. Harmon was "unarmed" and did not assume "a threatening, stabbing stance" but merely "turned his head to look back at the officers as he continued to run." *Id.* at *3–4. The Tenth Circuit also expressly acknowledged that further discovery and proceedings could lead to different conclusions. *See id.*, at *5.

Now that the action has proceeded to summary judgment, Plaintiffs may no longer rest on their allegations. Rather, to survive Defendants' motion, Plaintiffs must identify evidence from which a reasonable jury could find that these allegations are true. The court concludes that they have failed to do so. Although Defendants have identified substantial evidence that Mr. Harmon was armed, brandished a knife, and threatened to cut and stab the officers, Plaintiffs have identified no more than a scintilla of evidence, embellished with speculation, in response. That does not suffice. The court accordingly concludes that Defendants are entitled to summary judgment on Plaintiffs' Fourth Amendment claim against Officer Fox.

## IV.

"It is well settled that a municipality may not be held liable under § 1983 where there was no underlying constitutional violation by any of its officers." *Hinkley v. Salt Lake City Corp.*, 426 F. Supp. 3d 1207, 1220 (D. Utah 2019) (cleaned up). Because Officer Fox did not use

excessive force in violation of Mr. Harmon's constitutional rights, Defendants are also entitled to summary judgment on Plaintiffs' municipal liability claim against Salt Lake City.

## V.

"The Tenth Circuit has explained that when all federal claims have been dismissed, the court may, and usually should, decline to exercise supplemental jurisdiction over any remaining state claims." *Reyes v. N.A.R. Inc.*, 546 F. Supp. 3d 1031, 1042 (D. Utah 2021) (cleaned up). Because the court grants summary judgment in favor of Defendants on all of Plaintiffs' remaining federal law claims, it will follow this guidance and dismiss Plaintiffs' state law claims without prejudice.

\*       \*       \*

For the foregoing reasons, summary judgment is **GRANTED** in favor of Defendants on Plaintiffs' Section 1983 claims. Plaintiffs' state law claims are **REMANDED** to the Utah Third District Court, Salt Lake County.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

### District of Utah

Estate of Patrick Harmon, Sr.; Patrick
Harmon II; and Tasha Smith,

Plaintiffs,

v.

Salt Lake City and Officer Clinton Fox,

Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:19-cv-553-HCN

IT IS ORDERED AND ADJUDGED

1. That summary judgment is granted in favor of Defendants on Plaintiffs' remaining federal law claims.
2. That Plaintiffs' state law claims are remanded to the Utah Third District Court, Salt Lake County.

August 18, 2023

*Date*

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

Andrew G. Deiss (7184)
Corey D. Riley (16935)
Deiss Law PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
(801) 433-0226
adeiss@deisslaw.com
criley@deisslaw.com

Qusair Mohamedbhai (Pro Hac Vice)
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (p)
(303) 578-4401 (f)
qm@rmlawyers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr.; and TASHA SMITH, as heir of Patrick Harmon Sr., <br><br> Plaintiffs, <br> vs. <br><br> SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br> Defendants. | **NOTICE OF APPEAL** <br><br> Case No. 19-cv-00553-HCN-CMR <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

1

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Plaintiffs Estate of Patrick Harmon Sr., Patrick Harmon II, and Tasha Smith hereby provide notice of appeal of the above captioned matter.

1. The parties taking the appeal are all Plaintiffs in the above-captioned matter.

2. The judgment, order, or part thereof being appealed is the August 18, 2023 Judgment adjudicating all of Plaintiffs' remaining federal claims and remanding all of Plaintiffs' state claims to the Utah Third District Court, Salt Lake County.

3. The court from which the appeal is taken is the United States District Court for the District of Utah, Judge Howard C. Nielson, Jr. presiding.

4. The court to which the appeal is taken is the United States Court of Appeals for the Tenth Circuit.

Dated: September 15, 2023,        DEISS LAW PC

*s/ Corey D. Riley*
Andrew G. Deiss
Corey D. Riley
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
adeiss@deisslaw.com
criley@deisslaw.com

2

RATHOD | MOHAMEDBHAI LLC

Qusair Mohamedbhai (pro hac vice)
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (p)
(303) 578-4401 (f)