Corey D. Riley (16935)
Andrew G. Deiss (7184)
Deiss Law PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
(801) 433-0226
criley@deisslaw.com
deiss@deisslaw.com

Qusair Mohamedbhai (admitted *pro hac vice*)
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
qm@rmlawyers.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| ESTATE OF PATRICK HARMON SR.; PATRICK HARMON II, as Personal Representative of the Estate of Patrick Harmon Sr., and heir of Patrick Harmon Sr., TASHA SMITH, as heir of Patrick Harmon Sr., <br><br> Plaintiffs, <br><br> v. <br><br> SALT LAKE CITY, a municipality; and OFFICER CLINTON FOX, in his individual capacity, <br><br> Defendants. | **PLAINTIFFS' UNOPPOSED MOTION TO STAY ENFORCEMENT OF COSTS AWARD** <br><br> Case No. 19-cv-00553-HCN-CMR <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Cecilia M. Romero |

Plaintiffs, by and through undersigned counsel, move the Court to stay the taxation of costs in this case pending Plaintiffs' appeal. Plaintiffs conferred with counsel for Defendants, who indicated that Defendants do not object to staying the taxation of costs pending appeal.

**I. BACKGROUND**

Plaintiffs filed this lawsuit on July 1, 2019, due to Officer Fox's killing of Patrick Harmon, Sr. on August 13, 2017. *See* ECF No. 6-1. On July 10, 2020, Chief Judge Shelby granted the Defendants' motion to dismiss, dismissing Plaintiffs' federal claims with prejudice and Plaintiffs' state law claims without prejudice. *See* ECF No. 29 at 29-30. On August 10, 2020, Plaintiffs filed a notice of appeal. *See* ECF No. 31. On August 14, 2020, the Court remanded Plaintiffs' state law claims to the Utah Third District Court. *See* ECF No. 34. On November 10, 2021, the Tenth Circuit reversed the Court's grant of Defendants' motion to dismiss. *See* ECF No. 40. The Tenth Circuit found that Plaintiffs had pled a claim that Officer Fox violated Mr. Harmon's rights to be free from excessive force under the Fourth Amendment and also reversed the district court's ruling regarding municipal liability for Salt Lake City. *See id.* at 12-13.

On remand, Chief Judge Shelby recused himself and the case was re-assigned to Judge Nielson. *See* ECF Nos. 41-42. On August 26, 2022, Defendants filed a motion for summary judgment. *See* ECF No. 66. On August 18, 2023, the Court granted Defendants' motion, dismissing Plaintiffs' federal claims and remanding Plaintiffs' state law claims. *See* ECF No. 104. Judgment entered on August 18, 2023. *See* ECF No. 105. On August 31, 2023, Defendants filed a bill of costs. *See* ECF No. 107. On September 15, 2023, Plaintiffs filed a notice of appeal. *See* ECF No. 109. On October 10, 2023, the Clerk of Court taxed costs against Plaintiffs in the amount of $2,390.20. *See* ECT No. 115. Plaintiffs move the Court to stay the costs award while Plaintiffs' appeal is pending.

## II. LEGAL STANDARD

### A. Taxation of Costs

Under Fed. R. Civ. P. 54(d)(1) and District of Utah Local Rules of Civil Practice 54-2(a), a party may file a bill of costs within 14 days after the entry of judgment. A party may object to an item in a bill of costs within 14 days after filing and service of the bill of costs. DUCivR 54-2(b). If no objections are filed, "the clerk will tax the costs and allow such items as are taxable under law." DUCivR 54-2(c). However, taxation of costs is subject to Court review. "Taxation of costs by the clerk is subject to review by the court when, under Fed. R. Civ. P. 54(d), a motion for review is filed within 7 days of the entry on the docket of the clerk's action." DUCivR 54-2(d); *see also* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.).

Plaintiffs bring this motion pursuant to Fed. R. Civ. P. 54(d) and DUCivR 54-2(d) within 7 days of the clerk's taxation of costs for the Court's review of the taxation of costs. Plaintiffs do not contest any of Defendants' costs, but instead ask the Court to stay the award of costs pending appeal.

### B. Stay Pending Appeal[1]

Plaintiffs seek a stay of costs pending appeal. In the alternative, Plaintiffs seek a stay pursuant to Fed. R. Civ. P. 62(b). To determine whether to stay a cost award pending appeal, the

---

[1] The Court retains jurisdiction to consider a motion to stay costs pending appeal. *See Payan v. United Parcel Serv.*, No. 214CV00400JNPDBP, 2017 WL 4844651, at *1 (D. Utah Sept. 1, 2017); *Stapp v. Curry Cty. Bd. of Cty. Comm'rs*, No. CV 15-356 GBW/CG, 2016 WL 9131956, at *1 (D.N.M. May 4, 2016) (citing *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 606 (10th Cir. 1984)).

3

court considers the likelihood of the movant's success on appeal, whether the movant will be irreparably harmed, whether the nonmoving party will be injured, and any public interest. *See Payan v. United Parcel Serv.*, No. 214CV00400JNPDBP, 2017 WL 4844651, at *1 (D. Utah Sept. 1, 2017) (citing *Cmty. Television of Utah, LLC v. Aereo*, 997 F. Supp. 2d 1191, 1209 (D. Utah 2014); *Mann v. Washington Metro. Area Transit Auth.*, 185 F. Supp. 3d 189, 194 (D.D.C. 2016).

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b); *see also Vreeland v. Schwartz*, No. 13-CV-03515-PAB-KMT, 2019 WL 5623307, at *1 (D. Colo. Oct. 30, 2019) ("Federal Rule of Civil Procedure Rule 62(b) allows an appellant to stay execution of a judgment pending appeal by posting a supersedeas bond."); *Craft v. Wright*, No. 17-CV-00469-NDF-KHR, 2021 U.S. Dist. LEXIS 256405, at *3 (D.N.M. Mar. 16, 2021) (same).

### III. ANALYSIS

#### A. Stay Pending Appeal

To determine whether to stay a cost award pending appeal, the court considers the likelihood of the movant's success on appeal, whether the movant will be irreparably harmed, whether the nonmoving party will be injured, and any public interest. See *Payan*, 2017 WL 4844651, at *1.

Plaintiffs are likely to succeed on appeal. The Court, in its order granting Defendants' motion for summary judgment, recognized that there was tension with the Tenth Circuit's order reversing Chief Judge Shelby. *See Order*, ECF No. 104 at 20-21. While money is not typically

4

considered irreparable harm, it will harm Plaintiffs to pay costs to Defendants given the likelihood of success on appeal. Moreover, there will be no injury to Defendants from the stay of the award of costs as the amount at issue pales in comparison to the Salt Lake City budget. Should Plaintiffs lose on appeal, Defendants will recover these costs. Staying the cost award pending appeal merely delays payment to Defendants, should Plaintiffs lose the appeal. Additionally, the public interest is served by allowing Plaintiffs to appeal this important civil rights issue without having to pay Defendants' costs before a final resolution. For these reasons, Plaintiffs ask the Court to stay the award of costs pending appeal.

### B. Stay with Superseding Bond

In the alternative, Plaintiffs ask the Court to stay enforcement of costs pending appeal by the posting of a bond of $100. "Fed. R. Civ. P. 62(d) allows for a stay pending appeal if the appellant files a supersedeas bond. The stay is a matter of right." *United States v. Wylie*, 730 F.2d 1401, 1402, n. 2 (11th Cir. 1984).[2] It is Plaintiffs' obligation to demonstrate that there is good cause for the amount of the bond to be less than the judgment. *Clark v. City of Shawnee*, No. 15-4965-SAC, 2017 U.S. Dist. LEXIS 201018, at *2-3 (D. Kan. Dec. 6, 2017). However, the Court has inherent discretionary authority to set the amount of the bond. *Id*; *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986); *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("Federal Rule of Civil Procedure 62(d) allows a stay of a judgment effective upon a district court's approval of a supersedeas bond. The bond secures the judgment against

---

[2] In 2018, the Advisory Committee amended Rule 62 so that "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. Accordingly, Plaintiffs cite caselaw before 2018 referring to the superseding bond provision as contained in Rule 62(d).

insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount.").

In this case, the Court should require a bond of $100, not the full amount of the costs. Plaintiffs' complaint raises substantial civil rights issues, which Plaintiffs have already prevailed on once on appeal. Plaintiffs have the ability to pay the bond, diminishing the need to "secure[] the judgment against insolvency of the judgment debtor." *Strong*, 443 F.3d at 1299. Furthermore, the taxation of costs at this time may dissuade other plaintiffs from filing meritorious civil rights cases, for fear of owing costs should they need to appeal.

## **CONCLUSION**

For the above reasons, Plaintiffs ask the Court to stay the award of costs pending appeal. In the alternative, Plaintiffs ask the Court to require a bond of $100 to stay the award of costs pending appeal.

DATED this 12th day of September 2023.

                        DEISS LAW PC

                        *s/ Corey D. Riley*
                        Corey D. Riley
                        Andrew G. Deiss
                        10 West 100 South, Suite 425
                        Salt Lake City, UT 84101
                        criley@deisslaw.com
                        adeiss@deisslaw.com

                        RATHOD | MOHAMEDBHAI LLC

                        Qusair Mohamedbhai
                        2701 Lawrence Street, Suite 100
                        Denver, Colorado 80205
                        (303) 578-4400
                        (303) 578-4401 (f)

qm@rmlawyers.com

A<small>TTORNEYS FOR</small> P<small>LAINTIFFS</small>